# United States District Court
# For The Northern District of Illinois
# At The Eastern Division

PAUL VEGA
PETITIONER

E.E.O.C. CHARGE # 444-2008-00252
CASE-FILE #: 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

Vs.

} FILED
2-21-2008
FEB 2 1 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

HEARTLAND ALLIANCE
RESPONDENT

**MOTION FOR RE-CONSIDERATION OF Minute Order of 30th January 2008 Dismissal of EMPLOYMENT DISCRIMINATION COMPLAINT AT LAW UNDER Title 42 U.S.C. §2000(e), et al & Title 15 U.S.C. §1681, et al (FCRA)**

1.) The Petitioner moves this Court for Re-Consideration[i] of the Minute Order entered on 30th January 2008 which states in part;

*"Vega indicates on his current in forma pauperis application form that he is not incarcerated and that he has no significant source of income or assets. However, Vega fails to explain how he acquires the necessities of life without any income or assets. Vega also has failed to complete all of the portions of his in forma pauperis application form. For example he has failed to indicate his salary or wages in his past employment. Vega was given an opportunity to properly complete an in forma pauperis application form or pay the filing fee by the required deadline. Vega has failed to do so. Since Vega was previously warned, we dismiss the instant action."*

2.) Physical incarceration isn't a requirement of perpetual monetary disenfranchisement. Physical incarceration isn't a requirement to being reduce to perpetual penury.[ii] Anyone can be physically incarcerated but have access to vast amounts of capital assets within a diverse portpholio. Physical incarceration has no bearing on existing under conditions of monetary poverty. The Petitioner isn't required to, 'explain how he acquires the necessities of life without any income or assets' because such a question did not appear on the IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT form used by the Clerk of the United States District Court For the Northern District of Illinois at the Eastern Division. Petitioner asserts that it is not possible to acquire the necessities of life by being constantly refused access to a reliable source of income or by constantly being refused access to the financial mechanism to accumulate assets.

3.) It is noted that Petitioner's self-composed APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS & FINANCIAL AFFIDAVIT signed and notarized on 21st December 2007, which outlined 8 points is a superior instrument that gages his assertion to proceed in forma pauperis. The 7th Circuit Court's designed instrument is a poorly crafted design. However, even with this structural defect, all of the questions were properly completed by an indication of either "NO" or "N/A" where appropriately suited for reply.

1

4.) Petitioner points out that within the initial pleading of this instant cause on 26th December 2008, it was made clear that the Petitioner was unemployed and that the Petitioner was employed last in FY 2002 for which the Petitioner was awarded unemployment insurance compensation in the amount of TUEC I from the IDES and since then the Petitioner has not been able to secure a reliable income or accumulate assets because he has been constantly denied such by the likes of the Heartland Alliance which this Court refused to accept as a valid statement of poverty. This Court may not enjoy to read the Petitioner's complaint or the answers that the Petitioner has tendered, but such are submitted in good faith and are based on the reality the Petitioner has endured by being refused employment constantly by entities such as the Heartland Alliance who use the materials it refuses to identify to make categorical judgment determinations on the Petitioner's qualifications. The Petitioner has indicated that he was awarded an hourly wage as compensation for his employ at White Hen Pantry. In the process of providing or awarding compensation for services tendered, there is a huge difference between wages and non-wages, i.e., base salary, etc.[iii]

5.) The hourly wage in question was awarded to the Petitioner back in FY 2002, almost 6 years ago, which resulted in a bi-weekly TUEC I allocation due to the Petitioner being separated from his employ at White Hen Pantry. The IDES allocation is believed to have been not more than $500 per month in gross value in FY 2002. The Petitioner has had no income since then in part as stated in his complaint to this Court regarding Heartland Alliance constantly refusing to extend Petitioner employment. There is no particular Question in the current form used by the Clerk of the United States District Court For the Northern District of Illinois at the Eastern Division that requires any Petitioner who seeks to file an Application For Leave To Proceed In Forma Pauperis which is known as the entitled form called, IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by said office since 11th October 2007 which reads to indicate to a moving In-Forma Pauperis Petitioner to, "explain how he acquires the necessities of life without any income or assets." Or, explain how Petitioner can acquire the necessities of life without any income or assets. Petitioner points out that since monetary poverty doesn't allow for a consumer engaged in the exchange of goods and services to acquire an income or to accumulate assets, the necessities of life are not permitted to be obtained by monetary poverty.[iv]

6.) That is, monetary[v] poverty denies those to acquire neither, an income, nor assets nor the necessities of life, which can be defined in many ways, but which have been defined fundamentally as food and clothing.[vi] The necessities of life are unattainable under monetary poverty. Monetary poverty will not allow for the acquisition of an income or accumulation of assets, hence the necessities of life are denied by monetary poverty, whatever those necessities may be, monetary poverty will not allow for those necessities to be met. Monetary poverty will only neglect those necessities of life. And a person will be endlessly trapped in monetary poverty as long as that person is denied a reliable source of income to accumulate assets. Further there is no specific question on the current form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT that reads,

a.) "Explain to this Court, how you acquire the necessities of life without an income or without assets?" or
b.) "Explain to this Court why you are unable to acquire the necessities of life without an income or without assets?" or
c.) "Explain to this Court why you are unable to obtain an income or accumulate assets?"

7.) But even if those questions were included, the Petitioner has explained the correlation of these variables (poverty, income, assets) in his complaint. The Petitioner would like to point out that Q3a does not require any Petitioner who seeks to file an Application For Leave To Proceed In Forma Pauperis to, 'indicate his salary or wages in his past employment.' The current form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT only ask for a date of a last employment and a name and address of a last employer. In the current form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT under the indications noted prior to, the only indication alluded to in terms of identifying monetary compensation awarded to a Petitioner in relation to labor performed or monetary compensation awarded to a Petitioner in relation to the engagement of engaging in the exchange of goods and services only indicates, 'Monthly salary or wages.'

2

8.) Therefore, the current form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT doesn't indicate to assign a numerical amount of wages earned or to assign a numerical amount of salary earned in the select choice offered as 'Monthly salary or wages.' Petitioner points out that he answered all 8 questions on the current formed used by the Clerk of the United States District Court For the Northern District of Illinois at the Eastern Division by either indicating a "NO" or an "N/A" where appropriately suited within said form. Petitioner indicated he had no income because he has been constantly refused an income by Heartland Alliance. In the 7th Circuit District Courts, prior Applications For Leave To Proceed In Forma Pauperis were approved,[vii] even though in some cases, the cause was dismissed for not meeting the second prong test outlined in 28 U.S.C. § 1915.

I.) A case illustrated in FY 1989 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis indicated that he was unemployed, had no cash flow and held no real property interest in his portpholio was approved to proceed in forma pauperis even though he failed to answer all of the questions and failed to sign the actual Application.[viii] This Court noted in Jointer that Q1b solely asks for the date of last employment and what the wages were in that job. This Court made no mention of a numerical amount being a requirement.

II.) A case illustrated in FY 1990 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis indicated that he was presently employed but was sustaining liability debts in the amount of maintaining for a wife, a daughter, two sons, and two granddaughters along with $500 1982 Dodge Aries only earning $1,000.00 per month in NET income with a previous allotment of TUEC funds in the amount of $5,000.00 was allowed to proceed in forma pauperis.[ix]

III.) A case illustrated in FY 1995 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis who was denied access to see his family and arrested on the word of his ex-wife was approved for in forma pauperis treatment.[x]

IV.) In another case illustrated in FY 1995 the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis was approved for in forma pauperis treatment where showing produced he was unemployed and his only income was $5964 in social security income along with public assistance but with a dysfunctional portpholio was approved for in forma pauperis treatment.[xi]

V.) A case illustrated in FY 1996 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis indicated that she was unemployed and had no income but for $75 was allowed to proceed in forma pauperis.[xii]

VI.) In another case illustrated in FY 1996 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis indicated that she only had an income of $460 per month was allowed to proceed in forma pauperis.[xiii] (Citing *Pudder v. Richard D. Irwin, Inc.*, 1996 U.S. Dist. LEXIS 2906, 1996 WL 111904 (N.D.Ill), [Plaintiff whose 1995 income was $5400 in supplemental social security income and $110 per month in food stamps, was indigent for purposes of proceeding *in forma pauperis*.] *Bolin v. U.S. Probation Office et al.*, 1996 U.S. Dist. LEXIS 2252, 1996 WL 89080 (N.D.Ill.), [Plaintiff who earned $600 a month and lacked any additional assets or resources, qualified for indigent status.])

VII.) A case illustrated in FY 1999 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis indicated that he was unemployed and held minimus assets was allowed to proceed in forma pauperis.[xiv]

VIII.) A case illustrated in FY 2001[xv] allowed the Petitioner to proceed in forma pauperis even though she did not provide the total enumeration in her checking account as required in 28 U.S.C. § 1915.

IX.) A case illustrated in FY 2002 noted that the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis had been unemployed for 2 whole years, from FY 2000 to FY 2002 and lacked cash flow and held no real property, but was approved to proceed in forma pauperis.[xvi]

X.) In a case illustrated in FY 2002, the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis had been unemployed for 6 years, from FY 1996 to FY 2002 and his only income for FY 2001 was $4,311. He had only $1,300 in his checking account. He had no cash flow and no income or real property assets in his portpholio. But he was allowed to proceed in forma pauperis.[xvii]

XI.) A case illustrated in FY 2003 where the Petitioner who applied for Application For Leave To Proceed In Forma Pauperis indicated that she was unemployed and had no assets, but was living off TUEC I funds in the amount of $117 weekly and was allowed to proceed in forma pauperis.[xviii]

3

## CONCULSION

An in forma pauperis complaint may be dismissed, 'if the allegation of poverty is untrue.'[xix] However, there is no such showing of Petitioner's Application For Leave To Proceed In Forma Pauperis that would suggest that he is being untruthful in his alleging poverty, nor is there any inference that can be drawn to suggest that he is not being untruthful in his alleging poverty. Petitioner replied to all 8 questions on the 2 pages of the form used by the Clerk of the United States District Court For the Northern District of Illinois at the Eastern Division which were answered in the negative by an indication of "NO" and of "N/A" where deemed appropriately. Petitioner's pleading makes it clear by the facts he outlined that his rights were violated and dismissing his complaint would simply amount to conveniently finding a manner to avoid addressing the issues he has raised, no matter how uncomfortable they may be to address. Dismissing the complaint would just strip away the protection to proceed in forma pauperis and re-enforce and leave unchecked the conduct violations committed by Heartland Alliance against the Petitioner.[xx] Dismissing the instant complaint would prevent the Petitioner from petitioning for redress of a grievance and allow the illegal hiring policy programming conduct to remain in practice at several administrative layers of an NPO 501(c)(3) entity that claims to society to champion human rights in Illinois.

PREPARED & SUBMITTED BY;

OFFICIAL SEAL
KATHLEEN A. MCCLANATHAN
NOTARY PUBLIC. STATE OF ILLINOIS
MY COMMISSION EXPIRES 8-25-2009

_____  2/21/08
PUBLIC NOTARY SIGNATURE      DATE

P. Vega
Petitioner
1.603.907.2421 CELL
1.253. 498-4735 e-fax
lasvegas1999@gmail.com

Signed Before Me On This ____ Day of FEBUARY MMVIII AD

_____  21 FEB 2008
PETITIONER'S SIGNATURE       DATE

CC: File

---

[i] A.) LOIS JONES, Plaintiff, vs. MARIAM HARRISON, Defendant, No. 04 C 3287, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2004 U.S. Dist. LEXIS 9741, 26th May 2004, Decided, 28th May 2004, Docketed, "Plaintiff now brings a motion to reconsider. A party can bring a motion to reconsider in order to correct errors of law or fact or present newly discovered evidence." See Bordelon v. Chicago School Reform Board of Trustees, 233 F.3d 524, 529 (7th Cir. 2000)(citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir. 1995)).

B.) GEORGE MITCHELL, Plaintiff, vs. UNION PACIFIC RAILROAD, Defendant, No. 03 C 4767, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2003 U.S. Dist. LEXIS 16811, 22nd September 2003, Decided, 24th September 2003, Docketed, "A motion to reconsider is only appropriate to correct manifest errors of law or fact, or to present newly discovered evidence. Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Reconsideration is not an appropriate forum for rehashing previously rejected arguments." Drnek v. City of Chicago, 205 F. Supp.2d 894, 895 (N.D.Ill. 2002)

[ii] PHILOSOPHY & POLITICAL ECONOMY, by James Bonar, M.A., L.L.D., London, New York, MacMillan & Co., Swan Sonnenschen, © 1893, Book II Modern Philosophy: Natural Law, Chapter III Hobbes, @ Page 84, "In regards to those who through the accidents of life have fallen into penury, it belongs to the Sovereign power to see that the necessaries of life are supplied to them lest they be tempted to do violence or robbery: they ought not to be left to the uncertain charity of individual citizens. Such as are able-bodied should be set to labour in public works."

[iii] A.) Journal of Economic Issues, June 1997, Vol. 31, Issue II, Class Conflict, American Style: Distract & Conquer, by Dr. Frederick R. Strobel, Ph.D., Professor of Economics, New College of the University of South Florida, & Dr. Wallace C. Peterson, Ph.D., Emeritus Professor of Economics, the University of Nebraska, @ Page 433-43, "A second group in the capital-enhanced category are those highly paid professional managers and/or directors of capital who are identified strongly with the capital-enhanced group. Finally, we can add those whom Reich describes as the symbolic analysts who perform problem-solving, problem-identifying, and strategic-brokering-whom he estimates at about 8 percent of the work force [Reich 1992, 185-189]. Included here are such persons holding jobs as engineers, public relations executives, investment bankers, lawyers, creative accountants, cinematographers, architects, writers, surgeons, etc. Symbolic analysts are highly paid, and their inclusion in the capital-enhanced category is due to their possession of human capital as most are well

4

educated, have spent a considerable amount of time learning their craft, or may have been born with some innate talent that may deliver to them a quasi-rent in the Marshallian sense. The symbolic analyst also must obviously rely on his or her own labor, but generally the capital on which he/she is dependent is his/her own."

B.) POLITICAL ECONOMY, by Robert Ellis Thompson, M.A. Professor of Social Science at the University of Pennsylvania, Member of the American Philosophical Society, Published by Porter & Coates, Philadelphia, © 1882, Chapter IV, THE SCIENCE & ECONOMY OF POPULATION, § 57, @ Page 54, "For when working people are paid abundantly they naturally become reckless as regards the future; the rate of increase is accelerated, the labor-markets overstocked, and the workman must suffer a fall of wages to or even below 'the natural rate' again. Any high rate must therefore be merely temporary, and add to the misery and discontent of the working classes, by accustoming them to enjoyments, which they afterwards lose the power to command."

[iv] A.) The Economics of John Stuart Mill: Volume Two Political Economy, by Samuel Hollander, © 1985, ISBN: 0-631-14045-X(Set), Published by Basil Blackwell Ltd., 108 Cowley Road, Oxford OX4 1JF, UK, Printed in Great Britain by T.J. Press Ltd, Padstow, Chapter 11, ECONOMIC POLICY: THE REFORM PROGRAMME, Section XI The Condition of People: The Poverty Trap & The Solution, @ Page 890, "We find in this context a splendid formulation of the poverty trap. That the masses had been thus far explicable of 'taking any rational view of their own aggregate condition' was explicable, Mill believed, not only in terms of the 'uncultivated state of their intelligence'-encouraged, as we shall see, by a distorted state of public opinion-but also by their very poverty, 'which leaving them neither the fear of worse, nor the smallest hope of better, makes them careless of the consequences of their actions, and without thought for the future.'" (Citing Claims of Labor, Chapter IV);

B.) The End of Poverty, by Dr. Jeffrey Sachs, Ph.D., Director of The Earth Institute at Columbia University & Special Advisor to the Office of the United Nations Secretary-General on the Millennium Development Goals, ISBN: 1-59420-045-9, Printed in the United States of America, Published by the Penguin Press, a member of Penguin Group, Inc., 375 Hudson Street, New York, New York, 10014, © 2005 Chapter XIII, MAKING THE INVESTMENTS NEEDED TO END POVERTY, @ Page 244, "How to overcome a poverty trap? The poor start with a very low level of capital per person and then find themselves trapped in poverty because the ratio of capital per person actually falls from generation to generation. The amount of capital per person declines when the population is growing faster than capital is being accumulated.";

C.) Scientific American, September 2005, Vol. 293, Issue 3, SPECIAL ISSUE, Can Extreme Poverty Be Eliminated?, by Dr. Jeffrey D. Sachs, Ph.D., Director the Earth Institute at Columbia University and Director of the United Nations Millennium Project, @ Page 56, "Although economic growth has shown a remarkable capacity to lift vast numbers of people out of extreme poverty, progress is neither automatic nor inevitable. Market forces and free trade are not enough. Many of the poorest regions are ensnared in a poverty trap: they lack the financial means to make the necessary investments in infrastructure, education, health care systems and other vital needs.";

D.) Ending Africa's Poverty Trap, J. D. Sachs, J. W. McArthur, G. Schmidt-Traub, M. Kruk, C. Bahadur, M. Faye and G. McCord in Brookings Papers on Economic Activity, Vol. 1: 2004, Pages 117-216, www.sachs.earth.columbia.edu

[v] A.) POLITICAL ECONOMY, by Robert Ellis Thompson, M.A. Professor of Social Science at the University of Pennsylvania, Member of the American Philosophical Society, Published by Porter & Coates, Philadelphia, © 1882, Chapter VII, THE SCIENCE & ECONOMY OF MONEY, § 142, @ Page 143, "Money is therefore the instrument of exchange and of association. It is more usually defined as 'the instrument of exchange and the standard of value.'"

B.) POLITICAL ECONOMY, by Robert Ellis Thompson, M.A. Professor of Social Science at the University of Pennsylvania, Member of the American Philosophical Society, Published by Porter & Coates, Philadelphia, © 1882, Chapter VII, THE SCIENCE & ECONOMY OF MONEY, § 142, @ Page 143, "Money is the instrument of association as well as of exchange. The absence of it tends to isolate men, to prevent the formation of industrial relations among them, and to keep labor down to an unproductive level."

C.) THE SOCIAL SYSTEM, by John Gray, 1st Edition, © MDCCCXXXI, EDINBURGH: Published by William Tait, Prince Street; LONDON: Published by Longman, Rees, Orme, Brown & Green; DUBLIN: W. Curry, Jun & Co., Chapter II, LAND, LABOUR, CAPTIAL & FREEDOM OF EXCHANGE, @ Page 17, "The first, land is so obviously necessary, that to dwell upon the subject would be quite superfluous. The second, labour, is the source of wealth, or 'original purchase money that is paid for every thing.' The third, capital, is so essential, that, to procure the food of a single day following, we must have a supply on hand-that is, capital- sufficient to support life until that time arrives. The fourth condition, instant power of exchanging, is the last, but not the least important, ingredient of prosperity."

[vi] POLITICAL ECONOMY, by Robert Ellis Thompson, M.A. Professor of Social Science at the University of Pennsylvania, Member of the American Philosophical Society, Published by Porter & Coates, Philadelphia, © 1882, Chapter III, WEALTH & NATURE, § 38, @ Page 42, "Hence man's two great material necessities are food and clothing. The desires

for these furnish the motive to the vastest activities of the race. As his brain expands, indeed, and as society develops, other desires grow into life and become motives to action; but these two are universal. Others are voluntary; these are enforced by the sensations of hunger and cold. Others are directed to comforts or luxuries; these to things necessary and indispensable."

[vii] A.) LINDA SHELTON, Plaintiff, vs. CAROL SCHNEIDER, individually and in her official capacity as CEO of Advocate Christ Hospital and Healthcare Corporation, et al., Defendants, No. 05 C 5955, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2005 U.S. Dist. LEXIS 26628, 2nd November 2005, Decided, 2nd November 2005, Filed, "Plaintiff Linda Shelton brings this action against Carol Schneider, Scott Keating and Advocate Christ Hospital and Healthcare Corporation (AHHC), alleging violations of her Fourth, Fifth and Fourteenth Amendment rights; violation of the Health Care Quality Improvement Act of 1986 (HCQIA), 42 U.S.C. § 11101; intentional infliction of emotional distress; and malicious prosecution. She moves for leave to file in forma pauperis. For the following reasons we deny plaintiff's motion and dismiss her complaint. Pursuant to 28 U.S.C. § 1915(a), we may authorize plaintiff to proceed in forma pauperis if she demonstrates an inability to pay the required costs and fees. In her financial affidavit plaintiff states that she is self-employed but has been unable to work due to physical disability and legal proceedings. Although she has secured loans from family in the amount of $10,000 to pay for utilities, medication, food and clothing, and owns a home worth approximately $300,000, she currently has no income or other assets and is in default on her mortgage. Her son, dependant on her for financial support, has had to turn to family and charitable organizations to meet his needs. In light of these representations plaintiff has evidenced her financial need."

[viii] JOSEPH JOINTER, Plaintiff, v. LAURO F. CAVAZOS, et al., Defendants, No. 89 C 1234, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1989 U.S. Dist. LEXIS 2090, 24th February 1989, Decided; 28th February 1989, Filed, "Leave to file in forma pauperis is dependent on a double showing:
1. financial inability to pay the filing fee and
2. at least a surface demonstration that the claim asserted is not 'frivolous' in the legal sense most recently refined by our Court of Appeals in Williams v. Faulkner, 837 F.2d 304, 306-07 (7th Cir. 1988)[1] and Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757-58 (7th Cir. 1988). Jointer appears to qualify on the first of those, because the application that accompanies his Complaint shows he is not employed, has no cash or other property and has received no money during the past 12 months except from 'pensions, annuities or life insurance payments.' But even if he satisfies that financial requirement[2]........."

[1] Although the Supreme Court granted certiorari on October 3, 1988 in Williams (Neitzke v. Williams, 109 S.Ct. 53 (1988)) and has just heard oral argument in that case February 22, this Court will of course continue to apply the pro-plaintiff standard articulated by our Court of Appeals in that case unless and until the Supreme Court tells us the Seventh Circuit was wrong in prescribing the test it did.
[2] No definite ruling can be made even on this aspect, because Jointer failed to complete the financial application in a number of respects:
1. Unanswered Question 1(b) asks for the date of last employment and what his wages were in that job.
2. Unanswered Question 2 asks for the source and amount of the funds received during the past 12 months.
3. Unanswered Question 5 asks for information as to dependents.
4. Jointer even forgot to sign the application!

[ix] LARRY MOORE, Plaintiff, v. MOTOROLA, INCORPORATED, Defendant, No. 90 C 04646, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1990 U.S. Dist. LEXIS 12300, 11th September 1990, Decided, "Before we grant leave to proceed in forma pauperis, however, we must ascertain that plaintiff is indeed indigent. A plaintiff does not have to be destitute to file a claim in forma pauperis. Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339 (1948). One may proceed in forma pauperis if one can show that because of his or her poverty, one cannot "'pay or give security for costs . . . and still be able to provide' for [one's self] and dependents' with the necessities of life.'" Id. We believe that Moore has made such a showing. Moore attests to the following. He is presently employed and his net income from his job is $1,000.00 per month. He has a wife, daughter, two sons, and two granddaughters who are wholly dependent upon him for their support. Over the previous twelve months, he received approximately $5,000.00 in unemployment compensation. He has not received money from any other sources and his only other asset is a 1982 Dodge Aries automobile which he values at $500.00. We grant plaintiff's petition to proceed in forma pauperis."

[x] A.) DENNIS JOHN POTTS and CHAD GARRETT HEINS, a minor, Plaintiffs, v. JOHN M. (JACK) O'MALLEY, et. al., Defendants, No. 95 C 5171, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 18438, 30th November 1995, DATED, 1st December 1995, DOCKETED, "For the foregoing reasons, plaintiff is granted leave to proceed in forma pauperis ONLY with respect to Counts I, II and X and ONLY against the following defendants: Village of Wilmette, Richard J. Kweilford, Howard C. Mueller, Officers Betz and Sedlacek, Paula Zerfoos, Thomas Welter, Katherine G. Mella, Mary Margaret Heins, and

6

Michael Velasco. The Attorney General of the State of Illinois may also be named a defendant, but *only* as to the allegations in Count X."

B.) DENNIS JOHN POTTS and CHAD GARRETT HEINS, a minor, Plaintiffs, v. JOHN M. (JACK) O'MALLEY, et. al., Defendants, No. 95 C 5171, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 18438, 30th November 1995, DATED, 1st December 1995, DOCKETED, "Plaintiff is granted leave to file in forma pauperis as set forth in the court's Memorandum Opinion dated November 30, 1995. Plaintiff is instructed to file all papers concerning this action with the Clerk of Court. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff. The United States Marshals Service is directed to send the necessary USM-285 forms to plaintiff so that he may provide it with the information necessary for the marshals to serve defendants with process. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service on defendants."

[xi] SAMUEL E. CAMPBELL, a/k/a SAMUEL DAMON, Plaintiff, v. RIVERSIDE POLICE DEPARTMENT, Defendant, Case No. 95 C 4893, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 15713, 23rd October 1995, Decided, 24th October 1995, DOCKETED, "For the reasons set forth below, we grant his petition to proceed *in forma pauperis*…Campbell clearly meets the indigency requirement. The petitioner's application to proceed *in forma pauperis* reflects that he is unemployed and that, in the past 'several' years, his only source of income is $5964 per year in supplemental social security income and 'public aid.' According to Campbell, he owns no other cash or valuable property. On this record, we find that the petitioner is indigent for purposes of proceeding *in forma pauperis*. In addition, we also find that, read liberally, Campbell's complaint is neither frivolous nor malicious."

[xii] LISA CALIMESE, Plaintiff v. UNITED STATES OF AMERICA, Defendant, No. 96 C 4118, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1996 U.S. Dist. LEXIS 10532, 19th July 1996, Decided, 23rd July 1996, DOCKETED, "When a person files a petition to proceed in forma pauperis, this Court reviews the materials to satisfy itself on two scores: first, that the plaintiff's claim of poverty is true and that the proposed action is not frivolous or malicious. See 29 U.S.C. § 1915(d)(1994); Aiello v. Kingston, 947 F.2d 834, 836 (7th Cir. 1991). Calimese has established her claim of poverty under 28 U.S.C. § 1915(d). She is unemployed and claims to have cash or other accounts amounting to only $75.00."

[xiii] STRONG DELIVERY MINISTRY, et al, Plaintiff, v. ANOINTED HEIR, INC., et al, Defendant, File No. 96 C 2938, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1996 U.S. Dist. LEXIS 9695, 10th July 1996, Decided, 10th July 1996, Date Docketed, "According to Seventh Circuit decisions, the first analysis must be whether Elder's claim of poverty is true and that she meets the indigency requirement. Because Elder's income is $470 a month, she is eligible for *in forma pauperis* status. Courts in the Seventh Circuit have held that various amounts of income satisfy the indigency requirement. For example, in *Pudder v. Richard D. Irwin, Inc.*, 1996 U.S. Dist. LEXIS 2906, 1996 WL 111904 (N.D.Ill), the court concluded that a plaintiff whose 1995 income was $5400 in supplemental social security income and $110 per month in food stamps, was indigent for purposes of proceeding *in forma pauperis*. Additionally, in *Bolin v. U.S. Probation Office et al.*, 1996 U.S. Dist. LEXIS 2252, 1996 WL 89080 (N.D.Ill.), the court concluded that a plaintiff who earned $600 a month and lacked any additional assets or resources, qualified for indigent status. Thus, because Elder receives $5640 a year in the form of Social Security income, her application satisfies the indigency requirement."

[xiv] PETER V. SMILDE, Plaintiff, v. ALEXIS M. HERMAN, et al., Defendants, No. 99 C 7756, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1999 U.S. Dist. LEXIS 19221, 2nd December 1999, Decided, 6th December 1999, Docketed, "Although Smilde's Application reflects that he was gainfully employed at the United States Census Bureau until recently, the combination of his current state of unemployment and the minimal assets that he reports in the Application would appear to qualify him for in forma pauperis treatment, at least so far as excusing the payment of the $150 filing fee is concerned. But that is only one of the two hurdles that any plaintiff must overcome to qualify for in forma pauperis treatment--the other is to state a claim that is sufficiently viable to pass muster under the principles set out in *Denton v. Hernandez*, 504 U.S. 25, 118 L. Ed. 2d 340, 112 S. Ct. 1728 (1992) or under other equally basic requirements."

[xv] JUANITA BROWN MOSELEY, Plaintiff, vs. PEOPLE, STATE OF ILLINOIS 101 W. Randolph St., Chgo, Ill., Defendant, No. 91 C 7701, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 17840, 11th December 1991, Decided, "The court is satisfied that plaintiff

meets the financial requirements to proceed in forma pauperis, despite plaintiff's failure to state the total value of her checking account, as requested in her application."

[xvi] LARRY DARNELL McCALL-BEY, Plaintiff, vs. P. KIRNER, # 1465; R. REMPAS, # 14567; et al., Defendants, No. 02 C 8289, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2002 U.S. Dist. LEXIS 25781, 2nd December 2002, Decided, "Plaintiff's affidavit states that he has not been employed since October 2000, and that he has no money in any accounts or ownership of valuable possessions. Based on his affidavit, we find that plaintiff has established his inability to pay the court fees."

[xvii] JOHN P. O'CONNOR, Plaintiff, vs. MARK R. COLLINS, et al., Defendants, Case Number: 02 C 6213, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2002 U.S. Dist. LEXIS 17396, 13th September 2002, Decided, 16th September 2002, Docketed, "Plaintiff has been unemployed since April 1996. His income in 2001 was $4,311.00. He has $1,300.00 in his checking account and no other source of savings or income. He has established his inability to pay court fees."

[xviii] DIANNE KAMPINEN, Plaintiff, v. UNITED STATES, Defendants, No. 03 C 1030, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2003 U.S. Dist. LEXIS 3777, 12th March 2003, Decided, 13th March 2003, Docketed, "Under 28 U.S.C. § 1915, when determining whether petitioners may proceed in forma pauperis, courts engage in a two-step analysis. First, the court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. 28 U.S.C. § 1915; Neitzke v. Williams, 490 U.S. 319, 324, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989)..............As to the first prong, Kampinen has indicated that she is unemployed and has no assets. She has indicated that her only source of income is $117 per week in unemployment wages and a one-time gift of $1000. Accordingly, this Court concludes that Kampinen meets the level of poverty necessary for in forma pauperis status."

[xix] A.) JOSEPH O. SMITH, Plaintiff, v. UNITED STATES OF AMERICA, et al., Defendants, Case No. 94 C 6874, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 6706, 16th May 1995, Decided 17th May 1995, DOCKETED, "An in forma pauperis complaint may be dismissed 'if the allegation of poverty is untrue.......'" 28 U.S.C. § 1915(d); Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994)

B.) JUANITA BROWN MOSELEY, Plaintiff, vs. PEOPLE, STATE OF ILLINOIS 101 W. Randolph St., Chgo, Ill., Defendant, No. 91 C 7701, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 17840, 11th December 1991, Decided, "28 U.S.C. § 1915(d) authorizes federal courts to dismiss a claim 'if the allegation of poverty is untrue...'"

C.) DENNIS JOHN POTTS and CHAD GARRETT HEINS, a minor, Plaintiffs, v. JOHN M. (JACK) O'MALLEY, et. al., Defendants, No. 95 C 5171, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 18438, 30th November 1995, DATED, 1st December 1995, DOCKETED, "§ 1915(d) authorizes the court to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue........'"

[xx] JUANITA BROWN MOSELEY, Plaintiff, vs. PEOPLE, STATE OF ILLINOIS 101 W. Randolph St., Chgo, Ill., Defendant, No. 91 C 7701, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 17840, 11th December 1991, Decided, "'The protections built in the in forma pauperis system would be meaningless if persons were allowed to proceed in forma pauperis with complaints that do not supply sufficient facts from which a reasonable inference could be made that the rights of the petitioner were violated.'" Smith-Bey v. Hospital Administrator, 841 F.2d 751, 758 (7th Cir. 1988)