## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 7220 | **DATE** | 3/13/2008 |
| **CASE TITLE** | Paul Vega vs. Heartland Alliance | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for reconsideration of the Court's minute order of 01/30/08 [9] is denied.

■ [ For further details see text below.]      Docketing to mail notices.

### STATEMENT

     This matter is before the court on Plaintiff Paul Vega's ("Vega") motion for reconsideration. On January 3, 2008, we denied Vega's motion for leave to proceed *in forma pauperis*. We also gave Vega until January 28, 2008, to file an accurately and properly completed *in forma pauperis* application form or pay the filing fee. We also warned Vega that if he failed to either file an accurately and properly completed *in forma pauperis* application form or pay the filing fee by January 28, 2008, this action would be dismissed. Vega subsequently filed another motion for leave to proceed *in forma pauperis*. Vega indicated on his *in forma pauperis* application form that he is not incarcerated and that he has no significant source of income or assets. However, Vega failed to explain how he acquires the necessities of life without any income or assets. Vega also failed to complete all the portions of his current *in forma pauperis* application form. For example, he failed to indicate his salary or wages in his past employment. Vega was given an opportunity to properly complete an *in forma pauperis* application form or pay the filing fee by the required deadline. Vega failed to do so and thus we dismissed the instant action on January 30, 2008.

     Vega now requests that the court reconsider the January 30, 2008, ruling. Vega contends that he should not be required to explain how he acquires the necessities of life. (Recon. Par. 2). However, such information is necessary for the court to make a proper determination concerning his indigence. Vega failed to explain in his instant motion how he acquires the necessities of life.

**STATEMENT**

Vega also attempts to explain the deficiencies in his second *in forma pauperis* application form concerning his prior employment by referring the court to information previously mentioned in other filings with this court. (Recon. Par. 4). However, as instructed by the court, Vega was required to submit a properly completed *in forma pauperis* application form. He cannot now refer to other documents to fill in the omissions left on his second *in forma pauperis* application form. Vega has thus failed to show that he submitted a properly completed *in forma pauperis* application form by the deadline. We also note that Vega had two opportunities to file a properly completed *in forma pauperis* application form before we dismissed this case.

Vega also argues that the *in forma pauperis* application form "does not require any Petitioner . . . to indicate his salary or wages in his past employment" and that the form "only ask[s] for a date of a last employment and a name and address of a last employer." (Recon. Par. 7). Vega is incorrect. The *in forma pauperis* application form clearly requires an applicant to indicate the "Monthly salary or wages" earned in prior employment. (IFP Par. 2(a)). Vega failed to indicate his monthly salary or wages in his prior employment. Vega thus has not informed the court of the amount of money he previously earned and he thus failed to provide the court with sufficient information concerning his financial situation to determine whether his motion for leave to proceed *in forma pauperis* should have been granted. Vega has not shown that the court erred in dismissing the instant action. Therefore, we deny the motion for reconsideration.