


# United States District Court
## For The Northern District of Illinois
### At The Eastern Division

PAUL VEGA
PETITIONER-Appellant

}

Vs.
HEARTLAND ALLIANCE
RESPONDENT-Appellee

07cv 7220
E.E.O.C. CHARGE # 444-2008-00252
CASE-FILE # 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

MAR 2 6 2008
FILED
MAR 26 2008 RC
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## APPLICATION FOR PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

1.) On 26th December 2007 Petitioner filed an entitled Employment Discrimination Complaint under Title 42 U.S.C. 2000(e) & Title 15 U.S.C. 1681 et al (FCRA) against the Heartland Alliance, a self proclaimed 501(c)(3) NPO entity in Illinois. Said complaint was accompanied with:
   a.) Appendix I (EEOC Charge of Discrimination 440-2008-00252 dated and signed on 10th October 2007 by the Petitioner);
   b.) Appendix II (EEOC Notice of Right To Sue dated and signed on 18th October 2007 by the EEOC District Director);
   c.) An original Notice of Application For Appearance Of Litigants Proceeding Pro-Se signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;
   d.) An original Application For Leave To Proceed In Forma Pauperis & Financial Affidavit signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;
   e.) An original Application For Appointment of Counsel signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;
   f.) A Civil Cover Sheet signed on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

2.) In December 2007, the District Court refused to accept Petitioner's original Application For Leave To Proceed In Forma Pauperis' signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division and refused to grant Petitioner's Application For Appointment of Counsel signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division, but instead suggested that the Petitioner fill-out the 8 Qs on the two(2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division in use since 11th October 2007.

3.) In December 2007, the Petitioner although reluctant due to the disorganization and defective structural composition of the two (2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division in use since 11th October 2007 filled out all 8 questions by properly completing such with an indication of either "NO" or "N/A" where appropriately suited for reply. Not one of the 8 questions were left blank or unanswered.

4.) On 30th January 2008, the District Court entered a Minute Order which dismissed the Petitioner's Employment Discrimination Complaint at Law Under Title 42 U.S.C. § 2000(e) et al & Title 15 U.S.C. § 1681 et al (FCRA) which read in part;

"Vega indicates on his current in forma pauperis application form that he is not incarcerated and that he has no significant source of income or assets. However, Vega fails to explain how he acquires the necessities of life without any income or assets. Vega also has failed to complete all of the portions of his in forma pauperis application form. For example he has failed to indicate his salary or wages in his past employment. Vega was given an opportunity to properly complete an in forma pauperis application form or pay the filing fee by the required deadline. Vega has failed to do so. Since Vega was previously warned, we dismiss the instant action."

5.) On 21st February 2008 Petitioner filed a Motion for Reconsideration[ii] with the District Court enumerating various points that related to poverty, income, assets as outlined in his original complaint and in part as measured by questionable standards[iii] used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division since 11th October 2007.

6.) The Petitioner attaches Form 4. Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis of the Appendix at the end of the Federal Rules of Appellate Procedure in which the Petitioner asserts that he is entitled to leave to proceed on appeal in forma pauperis to present the following questions to said;

## ISSUES PRESENTED FOR REVIEW

**ISSUE A**
Did the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division employ a structurally defective instrument to measure the economic variables of income, assets & poverty in the process of assessing the manner in which an In Forma Pauperis Petitioner may proceed?

**ISSUE B**
Did the District Court abuse its discretion in failing to grant Petitioner's Application For Leave To Proceed In Forma Pauperis by incorrectly correlating incarceration with the inability of an In Forma Pauperis Petitioner to "acquire[s] the necessities of life without any income or assets?"

PREPARED & SUBMITTED BY;

P. Vega
Petitioner
1.603.907.2421 CELL
1.253.498-4735 e-fax
lasvegas1999@gmail.com

PUBLIC NOTARY SIGNATURE          3/26/08  DATE

OFFICIAL SEAL
ELIZABETH JOHANSEN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-7-2011

Signed Before Me On This 26 Day of MARCH MMVIII AD

26 March 2008

PETITIONER SIGNATURE & DATE

---

[i] (A) NEITZKE ET AL. v. WILLIAMS, No. 87-1882, SUPREME COURT OF THE UNITED STATES, 490 U.S. 319; 109 S. Ct. 1827; 104 L. Ed. 2d 338; 1989 U.S. LEXIS 2231; 57 U.S.L.W. 4493, 22nd February 1989, Argued, 1st May 1989, Decided, "The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U. S. C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342-343 (1948) Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." See Franklin v. Murphy, 745 F. 2d 1221, 1226 (CA9 1984)

(B) RON HARPER, et al., Plaintiffs, v. CITY OF CHICAGO HEIGHTS, et al., Defendants. RON HARPER, et al., Plaintiffs, v. CHICAGO HEIGHTS PARK DISTRICT, et al., Defendants, No. 87 C 5112 Consolidated No. 88 C 9800, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1994 U.S. Dist. LEXIS 8528, 23rd June 1994, Decided, 24th June 1994, Docketed, "The federal in forma pauperis statute, enacted in 1892 and presently codified at 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989); Adkins v. E. I. du Pont de Nemours & Co., 335 U.S. 331, 342-43, 93 L. Ed. 43, 69 S. Ct. 85 (1948)

(C) MAGGIE A. BRADFORD. v. SOUTHERN RAILWAY COMPANY, 195 U.S. 243, No. 151, Submitted 19th October 1904. Decided 28th November 1904, "The act of July 20, 1892, above referred to, reads:

'An Act Providing When Plaintiff May Sue as a Poor Person and When Counsel Shall Be Assigned by the Court.

2

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled. That any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks [195 U.S. 243, 245] by such suit or action, and setting forth briefly the nature of his alleged cause of action.

Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section shall be punishable as perjury is in other cases.

Sec. 3. That the officers of the court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

Sec. 5. That judgment may be rendered for costs at the conclusion of the suit, as in other cases: Provided, That the United States shall not be liable for any of the costs thus incurred.'"

(D) 510 F.2d 130, Anthony John WARTMAN and Patricia Ann Wartman, Plaintiffs-Appellants, v. BRANCH 7, CIVIL DIVISION, COUNTY COURT, MILWAUKEE COUNTY, STATE OF WISCONSIN and Milwaukee Mutual Insurance Company, Defendants-Appellees, No. 73—2117, United States Court of Appeals For The 7th Circuit, Submitted 17th October 1974, Decided 6th February 1975, "Support for our interpretation of the statute can also be found in history. The legislation which, slightly modified, is now section 1915 was enacted in 1892 and was apparently modeled on the old English Statute of Henry VII (Act, 1494, II Hen. 7, c. 12).[3] One of the rules of court implementing this statute required from at least 1744 on that a person seeking admission to sue in forma pauperis have an attorney certify that petitioner 'hath good Cause of Action.'[4] Thus, the proposition that the merit of an action should be considered before allowing a suit to be prosecuted in forma pauperis had deep historical roots by the time our federal statute was enacted. The leading Supreme Court opinion interpreting the statute in question is Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915). There the issue was whether the plaintiff would be allowed to proceed in the Supreme Court in forma pauperis. In discussing the original language of this statute, which did not encompass appellate proceedings, the Court stated:

Prior to the amendment of 1910, on the face of the statute three things were certain: (a) that the statute imposed no imperative duty to grant a request to proceed as a poor person, but merely conferred authority to do so when the fact of poverty was established and the case was found not to be frivolous; that is, was considered to be sufficiently meritorious to justify the allowance of the request; . . ..[5]

The Court then said that the 1910 amendment, which added defendants and appeals to the statute's coverage, did not alter this discretion to consider the merits at the initial stage. A separate section allowing the dismissal of a frivolous or malicious action was a part of the statute at that time and, though the language of the statute has changed since Kinney v. Plymouth Rock Squab Co., there is no indication that Congress meant to change this aspect relating to a preliminary consideration of the merits of a forma pauperis complaint."

[3] See Duniway, The Poor Man in the Federal Courts, 18 Stan.L.Rev. 1271, 1272-73 (1966)

[4] See Maguire, Poverty & Civil Litigation, 36 Harv.L.Rev. 361, 377 (1923)

[5] 236 U.S. at 45, 35 S.Ct. at 237

(E) 27 Stat. 252 (1892)

(F) 36 Stat. 866 (1910), "That any citizen of the United States entitled to commence or defend any suit or action, civil or criminal could under certain conditions proceed in forma pauperis." 36 Stat. 866, Chapter 435 (1910)

(G) 42 Stat. 666 (1922) "That any citizen of the United States entitled to commence any suit or action, civil or criminal could under certain conditions proceed in forma pauperis." 42 Stat. 666, Chapter 246 (1922)

ii (A) Fed. R. Civ. P. Rule 60a, Relief From Judgment Or Order/ Corrections Based On Clerical Mistakes; Oversights & Omissions, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

(B) Fed. R. Civ. P. Rule 60b(6), Relief From Judgment Or Order/ Grounds For Relief From A Final Judgment, Order, Or Proceeding, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: any other reason that justifies relief."

3

(C) Fed. R. Civ. P. Rule 60c(1), <u>Timing & Effect Of The Motion/Timing</u>, "A motion under Rule 60(b) must be made within a reasonable time.."

(D) <u>MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE</u>, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided, "A litigant faced with an unfavorable district court judgment must appeal that judgment within the time allotted by Federal Rule of Appellate Procedure 4, whether or not the litigant first files a Rule 60(b) motion (where the Rule 60 motion is filed more than 10 days following judgment). Either before or after filing his appeal, the litigant may also file a Rule 60(b) motion for relief with the district court. The denial of the motion is appealable as a separate final order, and if the original appeal is still pending it would seem that the court of appeals can consolidate the proceedings."

(E) <u>MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE</u>, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided, In Dissent, JUSTICE BREYER, with whom JUSTICE O'CONNOR and JUSTICE SOUTER joined dissenting, "......in a normal civil case, a losing party has 30 days to file an appeal (60, if the Government is a party). Fed. Rule App. Proc. 4(a)(1) The Rules then distinguish between two kinds of reconsideration motions: those filed within 10 days (including motions for relief from judgment under Federal Rule of Civil Procedure 60(b)), which toll the time for appeal, and those filed after 10 days (in the main, other Rule 60(b) motions), which do not toll the time for appeal. See Fed. Rule App. Proc. 4(a)(4) When a party files a motion of the first sort (which I shall call an 'immediate' reconsideration motion), a previously filed notice of appeal 'self-destructs.' Ibid. When a party files a motion of the second sort (which I shall call a 'distant' reconsideration motion), a previously filed notice of appeal remains valid. A complex set of rules creates this system, and lawyers normally refer to those rules in order to understand what they are supposed to do." See Fed. Rule App. Proc. 4(a) (and Rules of Civil Procedure cited therein)

[iii] (A) <u>LOUIS FASULLO, Inmate # R30073, Plaintiff, vs. CAROLINA FASULLO and JOSEPH ZELINSKI, Defendants</u>, CIVIL NO. 07-100-MJR , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, 2007 U.S. Dist. LEXIS 21606, 27th March 2007, Decided, "Plaintiff presents no argument in the motion that might suggest clerical mistake. To the extent that Plaintiff is challenging the Court's application of the law, such arguments may be addressed in a direct appeal."

(B) <u>LOUIS FASULLO, Inmate # R30073, Plaintiff, vs. CAROLINA FASULLO and JOSEPH ZELINSKI, Defendants</u>, CIVIL NO. 07-100-MJR , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, 2007 U.S. Dist. LEXIS 21606, 27th March 2007, Decided, "Rule 60(b) provides for relief from judgment for 'mistake, inadvertence, surprise, or excusable neglect.' FED.R.CIV.P. 60(b)(1) However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. See, e.g., <u>Bell v. Eastman Kodak Co.</u>, 214 F.3d 798, 801 (7th Cir. 2000); <u>Parke-Chapley Constr. Co. v. Cherrington</u>, 865 F.2d 907, 915 (7th Cir. 1989) ('an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence'); <u>Swam v. United States</u>, 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852, 85 S. Ct. 98, 13 L. Ed. 2d 55 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does 'not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).'). Plaintiff presents no argument in the motion that might suggest clerical mistake. To the extent that Plaintiff is challenging the Court's application of the law, such arguments may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 14) is DENIED."

(C) <u>DENNIS MOORE, Plaintiff, v. CINGULAR WIRELESS, Defendant</u>, No. 02 C 2079, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2005 U.S. Dist. LEXIS 26929, 3rd November 2005, Decided, 3rd November 2005, Filed, "Plaintiff has not presented newly discovered evidence or law, nor has this Court found any errors of law or fact to justify reconsideration. Plaintiff has not shown that the Court has misunderstood a party, made an improper decision or that mistake, inadvertence, or fraud was involved in the summary judgment ruling."

(D) <u>CANON U.S.A., INC., Plaintiff, v. NIPPON LINER SYSTEM, LTD., and JAM TRUCKING, INC., Defendants. NIPPON LINER SYSTEM, LTD., Third-Party Plaintiff, v. NIPPON EXPRESS USA, INC., Third-Party Defendant</u>, No. 90 C 7350, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 12126, 30th August 1991, Decided, 30th August 1991, Docketed, "Rule 60 permits relief from judgement for a variety of reasons and with much more liberal time limitations than does Rule 59. Fed. R. Civ. P. 60(a), (b) Since JAM does not claim any clerical error which would permit relief under Rule 60(a) we will assume that only Rule 60(b) was intended to be considered. The Seventh Circuit has held that 'relief under Rule 60(b) is an extraordinary remedy [to be] granted only in exceptional circumstances.' <u>United State v. One Rolls-Royce Corniche</u>, 770 F.2d 713, 716 (7th Cir. 1985) The Court has defined these circumstances to be present only where the moving party can demonstrate (1) good cause for error, (2) timely action to correct the error, and (3) a meritorious claim or defense. <u>Stamp v. Brown</u>, 1990 U.S. Dist. LEXIS 6956 p. 7 (N.D. Ill. 1990) (Kocoras, J.) citing, <u>Brewer Electric Mfg. Co. v. Torando Sys. of Am.</u>, 687 F.2d 182, 185 (7th Cir. 1982). 'Discussion of what constitutes "good cause" for purposes of Rule 60(b) relief invariably involves a discussion of one of the rule's six delineated grounds for relief.' <u>Stamp v. Brown</u>, 1990 U.S. Dist. LEXIS 6956 p. 8-9 (N.D. Ill. 1990) (Kocoras, J.) (cites omitted). The six reasons specified under Rule 60(b) which permit relief from judgment are: (1) a mistake; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b)(1)-(6)

4