MHN

# United States District Court
## For The Northern District of Illinois
### At The Eastern Division

PAUL VEGA
PETITIONER-APPELLANT

E.E.O.C. CHARGE # 444-2008-00252
CASE-FILE # 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

}

FILED
3-31-2008
MAR 31 2008  YM
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

VS.
HEARTLAND ALLIANCE
RESPONDENT-APPELLEE

### AMENDED SUPPLEMENTAL APPLICATION FOR PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS

1.) The Petitioner in further support of his APPLICATION FOR PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS to the 7th Circuit Court of Appeals to appeal the District Court's Minute Order of 30th January 2008 dismissing the Petitioner's Employment Discrimination Complaint at Law Under Title 42 U.S.C. § 2000(e) et al & Title 15 U.S.C. § 1681 et al (FCRA), Petitioner now amends such timely filed application with this supplemental amendment expanding on Footnote ii in Petitioner's APPLICATION FOR PERMISSION FOR LEAVE TO APPEAL IN FORMA PAUPERIS, filed on 26th March 2008 with the Office of the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division.

2.) A party facing an adverse ruling before the District Court must file an appeal in accord with the time limits as prescribe within Federal Rule of Appellate Procedure 4, irregardless if the party first files a Reconsideration Motion under Rule 60.$^{i}$ The 60 day rule in F.R. APP. P. 4 applies in this context in part because the Heartland Alliance is a 501(c)(3) NPO entity registered as such in the State of Illinois with the Office of the Illinois Secretary of State and the Office of the Illinois Attorney General in which its Gross Operating Income is dependent on the financial subsidies of various agencies of the United States Government to an extent of 71.6% or $37.9M of Gross Operating Income as recently as FY 2007. In FY 2007, $37.9M Gross Operating Income, financed 81.2% Gross Operational Expenditures. In fact Heartland Alliance's Annual Gross Operating Income has been subsidized by various agencies of the United States Government to an extent of at least 70% for the past 5 FYs previous to FY 2007.$^{ii}$ As pointed out and illustrated in 2 particular examples within the same past 5 FYs noted below;

    a.) SANDRA ANN CHAMBERS, individually, in her official capacity as president of Sutherland Tenants Council (STC), and on behalf of all others similarly situated in the past, present, and future, ANGELA CHAMBERS, individually and on behalf of all others similarly situated in the past, present, and future, Plaintiffs, v. HOLSTEN MANAGEMENT CORPORATION, CENTURY PLACE DEVELOPMENT, HEARTLAND ALLIANCE, CHICAGO CONNECTIONS, TRAVELERS & IMMIGRANTS AID, SID MOHN, PETER HOLSTEN, STEVE JOHNSON, LARRY HOWARD BENJAMIN CLARK and SARAH DART, Defendants, No. 02 C 5154, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2004 U.S. Dist. LEXIS 5051, 24th March 2004, Decided, 25th March 2004, Docketed; (Heartland Alliance engaged in unprofessional deceptive economic deprivation of 58 vouchers and other economic resources against a group of low-income minority renters Heartland Alliance was awarded a HUD grant to house) and in

    b.) INNOCENT LIKONGA KASONGO, Individually and as Special Administrator of the Estate of JACQUELINE MAKOMBE, Deceased, Plaintiff, v. UNITED STATES OF AMERICA, Defendant, No. 04 C 4901, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2007 U.S. LEXIS 51141, 16th July 2007, Decided, 16th July 2007,

1

*Filed (Heartland Alliance engaged in unprofessional deceptive medical/health malpractice against low-income HIV African refugees in which Heartland Alliance was awarded reimbursement payments from the United States Department of Health & Human Services Center For Medicare & Medicaid Services to perform as a health-care provider),*

Heartland Alliance has demonstrated the manner it irresponsibly utilizes federal tax-payer funding to commit fraud against members of the general public who may either approach it for homeownership purposes, or for medical reasons related to the lack of accessibility to health insurance benefits, not to mention those such as the Petitioner who applied for employment and was constantly refused employment or those other members of the general public that may seek some other type of financial assistance. In the latter case cited, in FY 2007 Heartland Alliance was found to have through absolute incompetence and deceptive practices caused the death of a person who was limited by marginal options and thus a judgment was issued against the Heartland Alliance in the amount of $4.5M. Additionally, the District Court is directed to take into account Note 24[iii] in Petitioner's <u>EMPLOYMENT DISCRIMINATION COMPLAINT AT LAW UNDER Title 42 U.S.C. §2000(e), et al & Title 15 U.S.C. §1681, et al (FCRA)</u>, in which 3Qs were submitted to the Office of the Executive Director of the Heartland Alliance which remain to this date unanswered. In prior cases when the District Court has disagreed with the contentions pleaded, approval has been granted to a moving party for leave to appeal in forma pauperis.[iv] And even when the Petitioner is unemployed and with limited income, approval has been granted to a moving party for leave to appeal in forma pauperis.[v] When the District Court believes that an in forma pauperis appeal is not taken in good faith, for what ever reason it so decides, the District Court can still direct a Petitioner to petitioned the 7th Circuit Court of Appeals to proceed in forma pauperis on appeal.[vi]

## CONCULSION

Therefore, this Court should allow for the 7th Circuit Court of Appeals to review the two(2) questions posed by the Petitioner in regard to District Court's Minute Order of 30th January 2008.

PREPARED & SUBMITTED BY;
P. Vega
Petitioner
1.603.907.2421 CELL
1.253.498-47__
lasveg_____@gmail___
CC:_____

*David A Gonzalo*    31 March 2008
PUBLIC NOTARY SIGNATURE    DATE

OFFICIAL SEAL
DAVID A. GONZALEZ
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 2-7-2011

Signed Before Me On This 31 Day of MARCH MMVIII AD

_____    31 March 2008
PETTIONER SIGNATURE & DATE

---

[i] (A) IN THE MATTER OF: BYRON C. WELLS, Appellant, No. 97-3447, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1998 U.S. App. LEXIS 13070, 5th June 1998, Argued, 16th June 1998, Decided, "As prescribed by the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days (or 60 days, if the government is a party) of the entry of judgment in the case." FED.R.APP.P. 4(a)(1)
(B) UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ROBERT CRAIG and PETER V. PAPPAS, Defendants-Appellants. UNITED STATES OF AMERICA, Plaintiff-Appellant, v. FRANK P. NORTH, JR., and ESTATE OF JACK E. WALKER, Defendants-Appellees, Nos. 89-1744, 89-1466, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 907 F.2d 653; 1990 U.S. App. LEXIS 11931; 17 Fed. R. Serv. 3d (Callaghan) 431, 16th May 1990, Argued, 16th July 1990, Decided, "The Federal Rules of Appellate Procedure provide for a thirty-day, sixty days if the government is a party, time limit for appeals in civil cases and a ten-day, thirty days if the government exercises a right to appeal, time limit for appeals in criminal cases." See FED. R. APP. P. 4
(C) MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided, "A litigant faced with an unfavorable district court judgment must appeal that judgment within the time allotted by Federal Rule of Appellate Procedure 4, whether or not the litigant first files a Rule 60(b) motion (where the Rule 60 motion is filed more than 10 days following judgment). Either before or after filing his appeal, the litigant may also file a Rule 60(b) motion for relief with the district court. The denial of the motion is appealable as a separate final order, and if the original appeal is still pending it would seem that the court of appeals can consolidate the proceedings."
[ii] A.) For FY 2007 in which out of an annual budget of $53.3M, 71.6% or $37.9M Gross Operating Income was awarded from federal tax-payer sources, of which 81.2% Gross Operating Expenditures were financed with $37.9M Gross Operating Income.(See http://www.heartlandalliance.org/aboutus/documents/HeartlandAlliance2007AnnualReport.pdf)
B.) For FY 2006 in which out of an annual budget of $53.3M, 74.4% or $39.7M Gross Operating Income was awarded from federal tax payer sources, of which 81.5% Gross Operational Expenditures were financed with $39.7M Gross Operating Income. (See http://www.heartlandalliance.org/Downloadable/2006%20Annual%20Report_FINAL.pdf)
C.) For FY 2005 in which out of an annual budget of $49.6M, 71% or $35.2M Gross Operating Income was awarded from federal tax-payer sources, of which 84% Gross Operational Expenditures were financed with $35.2M Gross Operating Income. (See http://www.heartlandalliance.org/Downloadable/HeartlandAlliance2005AnnualReport.pdf)

2

D.) For FY 2004 in which out of an annual budget of $45.8M, 79% or $36.1M Gross Operating Income was awarded from federal tax-payer sources, of which 87% Gross Operational Expenditures were financed with $36.1M Gross Operating Income. (See http://www.heartlandalliance.org/aboutus/documents/2004AnnualReport.pdf)

E.) For FY 2003 in which out of an annual budget of $39.8M, 72% or $28.6M Gross Operating Income was awarded from federal tax-payer sources, of which 88% Gross Operational Expenditures were financed with $28.6M Gross Operating Income. (See http://www.heartlandalliance.org/aboutus/pdf/2003AnnualReport.pdf)

[iii] E-mail dated Tuesday, 22nd August 2006 at 17:36:08 CST From: P. Vega lasvegas_1999@excite.com To: BLeonard@heartlandalliance.org Cc: LSode@heartlandalliance.org Subject: V.P. of Human Resources

[iv] RON HARPER, et al., Plaintiffs, v. CITY OF CHICAGO HEIGHTS, et al., Defendants. RON HARPER, et al., Plaintiffs, v. CHICAGO HEIGHTS PARK DISTRICT, et al., Defendants, No. 87 C 5112 Consolidated No. 88 C 9800, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1994 U.S. Dist. LEXIS 8528, 23rd June 1994, Decided, 24th June 1994, Docketed, "Although we have previously considered and rejected their contentions, we cannot find their appeal in this case either frivolous or malicious. For the reasons stated above, we grant the petitioners' applications to proceed in forma pauperis on appeal."

[v] LUCRETIA CUNNINGHAM, Plaintiff, v. LIFELINK CORPORATION, Defendant, No. 93 C 1380, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1993 U.S. Dist. LEXIS 5572, 27th April 1993, Decided, 28th April 1993, Docketed, "Cunningham's supporting documents reveal that she is 'unable to pay' the fees and costs associated with filing an appeal in federal court. 28 U.S.C. § 1915(a) She is unemployed and her only monthly income, a Social Security Insurance (SSI) payment, is about $434 per month. She owns no significant assets. She therefore may proceed in forma pauperis with her appeal from the bankruptcy court's order."

[vi] COOK COUNTY STATE'S ATTORNEY ex rel. RICHARD A. DEVINE, Plaintiff, vs. APRIL TYLER, Defendant, No. 07 C 1393, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2007 U.S. Dist. LEXIS 79783, 26th October 2007, Decided, 26th October 2007, Filed, "Therefore, we certify in writing that defendant's appeal is not taken in good faith and she thus cannot proceed on appeal in forma pauperis. She may, of course, now ask the Court of Appeals for leave to appeal, per Fed. R. App. Pro. 24(a)(5)."