# United States District Court
## For The Northern District Of Illinois
### At The Eastern Division

PAUL VEGA
PETITIONER-APPELLANT

> APPEAL FROM THE UNITED STATES
> DISTRICT COURT FOR THE
> NORTHERN DISTRICT OF ILLINOIS AT
> THE EASTERN DIVISION
> E.E.O.C. CHARGE # 444-2008-00252
> CASE-FILE # 07-C-7220
> MAGISTRATE JUDGE NOLAN
> JUDGE S. DER-YEGHIAYAN



FILED

~~RECEIVED~~

APR 14 2008
Apr 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

VS.
HEARTLAND ALLIANCE
RESPONDENT-APPELLEE

## NOTICE OF APPEAL

1.) On 26th December 2007 Petitioner filed an entitled Employment Discrimination Complaint under Title 42 U.S.C. 2000(e) & Title 15 U.S.C. 1681 et al (FCRA) against the Heartland Alliance, a self proclaimed 501(c)(3) NPO entity in Illinois. Said complaint was accompanied with:

   a.) Appendix I (EEOC Charge of Discrimination 440-2008-00252 dated and signed on 10th October 2007 by the Petitioner);

   b.) Appendix II (EEOC Notice of Right To Sue dated and signed on 18th October 2007 by the EEOC District Director);

   c.) An original Notice of Application For Appearance Of Litigants Proceeding Pro-Se signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

   d.) An original Application For Leave To Proceed In Forma Pauperis & Financial Affidavit signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

   e.) An original Application For Appointment of Counsel signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

   f.) A Civil Cover Sheet signed on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

2.) In December 2007, the District Court refused to accept Petitioner's original Application For Leave To Proceed In Forma Pauperis signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division and refused to grant Petitioner's Application For Appointment of Counsel signed and notarized on 21st December 2007 and filed on 26th December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division, but instead suggested that the Petitioner fill-out the 8 Qs on the two(2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division in use since 11th October 2007.

3.) In December 2007, the Petitioner although reluctant due to the disorganization and defective structural composition of the two (2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division in use

1

4.) On 30ᵗʰ January 2008, the District Court issued a Minute Order which dismissed the Petitioner's Employment Discrimination Complaint at Law Under Title 42 U.S.C. § 2000(e) et al & Title 15 U.S.C. § 1681 et al (FCRA) which read in part;

*"Vega indicates on his current in forma pauperis application form that he is not incarcerated and that he has no significant source of income or assets. However, Vega fails to explain how he acquires the necessities of life without any income or assets. Vega also has failed to complete all of the portions of his in forma pauperis application form. For example he has failed to indicate his salary or wages in his past employment. Vega was given an opportunity to properly complete an in forma pauperis application form or pay the filing fee by the required deadline. Vega has failed to do so. Since Vega was previously warned, we dismiss the instant action."*

5.) On 21ˢᵗ February 2008 Petitioner filed a Motion for Reconsideration[ii] with the District Court enumerating various points that related to poverty, income, assets as outlined in his original complaint and in part as measured by questionable standards[iii] used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division since 11ᵗʰ October 2007.

6.) On 13ᵗʰ March 2008, the District Court issued a Minute Order which denied the Petitioner's Motion for Reconsideration which read in part;

*"Vega contends that he should not be required to explain how he acquires the necessities of life. However such information is necessary for the court to make a proper determination concerning his indigence. Vega failed to explain in his instant motion how he acquires the necessities of life. Vega also attempts to explain the deficiencies in his second in forma pauperis application form concerning his prior employment by referring the court to information previously mentioned in other filings with this court. However, as instructed by the court, Vega was required to submit a properly completed in forma pauperis application form. Vega has thus failed to show that he submitted a properly completed in forma pauperis application form by the deadline. We also note that Vega had two opportunities to file a properly completed in forma pauperis application form before we dismissed this case. Vega also argues that the in forma pauperis application form 'does not require any Petitioner........to indicate his salary or wages in his past employment' and that the form 'only ask[s] for a date of a last employment and a name and address of a last employer.' Vega is incorrect. The in forma pauperis application form clearly requires an applicant to indicate the 'Monthly salary or wages' earned in prior employment. Vega failed to indicate his monthly salary or wages in his prior employment. Vega thus has not informed the court of the amount of money he previously earned and he thus failed to provide the court with sufficient information concerning his financial situation to determine whether his motion for leave to proceed in forma pauperis should be granted. Vega has not shown that the court erred in dismissing the instant action. Therefore, we deny the motion for reconsideration."*

7.) On 26ᵗʰ March 2008 the Petitioner filed an Application For Permission For Leave To Appeal In Forma Pauperis under Fed. Rule App. Proc Rule 24 along with Form 4 Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis with the District Court enumerating various points that related to poverty, income, assets as outlined in his original complaint.

8.) On 31ˢᵗ March 2008 the Petitioner filed an Amended Supplemental Application For Permission For Leave To Appeal In Forma Pauperis under Fed. Rule App. Proc Rule 24 with the District Court enumerating various points that related to poverty, income, assets as outlined in his original complaint.

9.) On 3ʳᵈ April 2008, the District Court issued a Minute Order which denied both of Petitioner's 26ᵗʰ March 2008 Application For Permission For Leave To Appeal In Forma Pauperis under Fed. Rule App. Proc Rule 24 along with Form 4 Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis and the 31ˢᵗ March 2008 Amended Supplemental Application For Permission For Leave To Appeal In Forma Pauperis under Fed. Rule App. Proc Rule 24 which were filed with the District Court enumerating various points that related to poverty, income, assets as outlined in his original complaint which read in part;

*"Vega asserts in his in forma pauperis application from that he is not incarcerated and that he has no assets or income from any source. Vega also indicates he has no expenses for items such as food and clothing. Vega also indicates that he receives no assistance or income from other individuals or from sources such as unemployment, or public-assistance. Vega basically has indicated that he has no income, assets, assistance or expenses. There is no information provided by Vega as to how Vega acquires the necessities of life such as food, clothing and shelter without having any income, assistance or assets. Had Vega provided the necessary information, the court would have been in a position to determine whether his motion should be granted. Vega has not provided sufficient information concerning his financial situation to enable the court to determine whether his motion for leave to appeal in forma pauperis should be granted and therefore we deny the motion."*

10.) The Petitioner now appeals to the 7ᵗʰ Circuit Court of Appeals the District Court's Minute Order of 30ᵗʰ January 2008 dismissing[iv] the Petitioner's Employment Discrimination Complaint at Law Under Title 42 U.S.C. § 2000(e) et al &

properly articulate a valid allegation of the manner Petitioner has been pushed into poverty[vi] by Respondent constantly refusing the Petitioner employment based on the materials Respondent refuses to identity to Petitioner, accordingly, the Petitioner also now appeals to the 7th Circuit Court of Appeals the District Court's Minute Order of 13th March 2008 denying the Petitioner's Motion for Reconsideration.

11.) A party facing an adverse ruling before the District Court must file an appeal in accord with the time limits as prescribe within **Federal Rule of Appellate Procedure 4**, no matter if the moving party first files a Reconsideration Motion under Rule 60(b).[vii] Further, F.R.APP.P. 24[25] tolls the time a moving party has to file for Leave To Appeal In Forma Pauperis to the Court of Appeals within 30 days of service of an Application For Permission For Leave To Appeal In Forma Pauperis under **Fed. Rule App. Proc Rule 24** along with Form 4 Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis to the District Court.[viii] The 60 day rule in **F.R. APP. P. 4** applies in this context in part because the Heartland Alliance is a 501(c)(3) NPO entity registered as such in the State of Illinois with the Office of the Illinois Secretary of State and the Office of the Illinois Attorney General in which its Gross Operating Income is dependent on the financial subsidies of various agencies of the United States Government to an extent of 71.6% or $37.9M of Gross Operating Income as recently as FY 2007. In FY 2007, $37.9M Gross Operating Income, financed 81.2% Gross Operational Expenditures. In fact Heartland Alliance's Annual Gross Operating Income has been subsidized by various agencies of the United States Government to an extent of at least 70% for the past 5 FYs previous to FY 2007.[ix] As pointed out and illustrated in 2 particular examples within the same past 5 FYs noted below;

a.) <u>SANDRA ANN CHAMBERS, individually, in her official capacity as president of Sutherland Tenants Council (STC), and on behalf of all others similarly situated in the past, present, and future, ANGELA CHAMBERS, individually and on behalf of all others similarly situated in the past, present, and future, Plaintiffs, v. HOLSTEN MANAGEMENT CORPORATION, CENTURY PLACE DEVELOPMENT, HEARTLAND ALLIANCE, CHICAGO CONNECTIONS, TRAVELERS & IMMIGRANTS AID, SID MOHN, PETER HOLSTEN, STEVE JOHNSON, LARRY HOWARD BENJAMIN CLARK and SARAH DART, Defendants, No. 02 C 5154</u>, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, **2004 U.S. Dist. LEXIS 5051**, 24th March 2004, Decided, 25th March 2004, Docketed; (*Heartland Alliance engaged in unprofessional deceptive economic deprivation of 88 vouchers and other economic resources against a group of low-income minority renters Heartland Alliance was awarded a HUD grant to house*) and in

b.) <u>INNOCENT LIKONGA KASONGO, Individually and as Special Administrator of the Estate of JACQUELINE MAKOMBE, Deceased, Plaintiff, v. UNITED STATES OF AMERICA, Defendant, No. 04 C 4901</u>, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, **2007 U.S. Dist. LEXIS 51141**, 16th July 2007, Decided, 16th July 2007, Filed (*Heartland Alliance engaged in unprofessional deceptive medical/health malpractice against low-income HIV African refugees in which Heartland Alliance was awarded reimbursement payments from the United States Department of Health & Human Services Center For Medicare & Medicaid Services to perform as a health-care provider*),

Additionally, this Court is directed to take into account Note 24[x] in Petitioner's <u>EMPLOYMENT DISCRIMINATION COMPLAINT AT LAW UNDER Title 42 U.S.C. §2000(e), et al & Title 15 U.S.C. §1681, et al (FCRA)</u> , in which 3Qs were submitted to the Office of the Executive Director of the Heartland Alliance which remain to this date unanswered. Heartland Alliance has demonstrated the manner it irresponsibly utilizes federal tax-payer funding to commit fraud against members of the general public who may either approach it for homeownership purposes,[xi] or for medical reasons related to the lack of accessibility to health insurance benefits,[xii] not to mention those such as the Petitioner who applied for employment and was constantly refused employment or those other members of the general public that may seek some other type of financial assistance. In the latter case cited, in FY 2007 Heartland Alliance was found to have through absolute incompetence and deceptive practices caused the death of a person who was limited by marginal options and thus a judgment was issued against the Heartland Alliance in the amount of $4.5M.

12.) In the 30th January 2008 Minute Order, the District Court erroneously associated the lack of access to significant sources of income or assets with incarceration. Although, this association was a clear misapplication in this particular instance, there are however many examples of prior in forma pauperis applications filed in the 7th Circuit Courts where the Petitioners are in fact physically incarcerated within the institutions of social control in the states of Illinois, Wisconsin & Indiana and lack access to a diverse functional portpholio. But not every Petitioner who files an in forma pauperis application in the 7th Circuit Courts is incarcerated physically. As Petitioner pointed out the 11 cited cases[xiii] in his Reconsideration Motion under F.R. Civ. P. Rule 60, physical incarceration has no bearing on being pushed into existing under conditions of monetary poverty brought about by constant unemployment[xiv] due to repeatedly being refused meaningful employment for reasons that are not disclosed to a Petitioner. Under these terms of constantly being refused meaningful employment a Petitioner will not be able to indicate how he or she '*acquires the*

3

met unless a Petitioner has access to a reliable source of income which will thereby permit for the financial mechanisms to accumulate assets. As long as this reliable source of income is constantly denied consistently, an in forma pauperis Petitioner will not be able to acquire, *'the necessities of life'* because an in forma pauperis Petitioner will exist under a condition of monetary poverty *'without any income or assets.'*

13.) The Petitioner fill out all of the 8 questions on the two (2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division since 11th October 2007. No question was left blank or unanswered. In fact, the manner in which Petitioner responded to all 8 questions on the two (2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division since 11th October 2007 is consistent with the instructions noted on Form 4 located in the Appendix of the Federal Rules of Appellate Procedure entitled, Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis.[xv] In both the IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT and in the Application For Leave To Proceed In Forma Pauperis, Petitioner indicated he was unemployed because of constantly being denied employment by Heartland Alliance since FY 2003. In both the IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT and in the Application For Leave To Proceed In Forma Pauperis, Petitioner indicated he had no income or assets because of constantly being denied employment by Heartland Alliance since FY 2003. In both the IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT and in the Application For Leave To Proceed In Forma Pauperis, Petitioner indicated what his wages[xvi] were at his last job. Petitioner properly completed all 8 questions on the two (2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division since 11th October 2007. Petitioner did not have to *'explain how he acquires the necessities of life without any income or assets'* because such a question did not appear on the two (2) page form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United. However, had the District Court understood Petitioner's Employment Discrimination Complaint under Title 42 U.S.C. 2000(e) & Title 15 U.S.C. 1681 et al (FCRA), the District Court would have granted Petitioner's Application For Leave To Proceed In Forma Pauperis in the 1st instance it was brought to its attention[xvii], but refused to do so, and in the 2nd instance it was further elaborated in Petitioner's IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT in which all 8 questions were properly completed, the District Court should have granted the application, but again refused to do so.[xviii] Thus, the District Court in its minute order of 30th January 2008, incorrectly correlated incarceration with a Petitioner who applied for leave to proceed in forma pauperis because he indicated he had *"no significant source of income or assets"*, in doing so, the District Court failed to identify that the Petitioner has had no significant source of income or assets due to the Petitioner being in fact repeatedly denied employment on a consistent constant basis by Heartland Alliance's use of the materials Heartland Alliance refuses to identify to the Petitioner in denying Petitioner employment as a potential source of income and as a potential source to accumulate assets, thereby further continuing to violate Petitioner's human rights[xix] by placing overwhelming emphasis on the materials Heartland Alliance refuses to identify to the Petitioner in the process of conducting categorical judgment determinations as to Petitioner's market value as a consumer engaged in the exchange of goods and services in Illinois.

14.) In the 13th March 2008 Minute Order, the District Court again is erroneously incorrect in its conclusions reached. The Petitioner never indicated, *"that he should not be required to explain how he acquires the necessities of life."* The Petitioner simply pointed out that monetary poverty will allow for a consumer engaged in the exchange of goods and services to acquire an income or to accumulate assets, thus the necessities of life are not permitted to be obtained by monetary poverty. Petitioner also pointed out that there was no particular Question in the current form used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division that would require any Petitioner who seeks to file an Application For Leave To Proceed In Forma Pauperis which is known as the entitled form called, IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by said office since 11th October 2007 which reads to indicate to a moving In-Forma Pauperis Petitioner to, *"explain how he acquires the necessities of life without any income or assets."* The Petitioner provided all, *"information....necessary for the court to make a proper determination concerning his indigence."* If the District Court were to have understood Paragraph 5, in which Petitioner spelled out the $500 per month in gross income which was awarded in FY 2002, almost 6 years ago which was a bi-weekly TUEC I allocation, the District Court should have been able to make a proper determination. But it refused to do so. A Petitioner can not be required to answer a question that was not presented on the form called, IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by said office since 11[th] October 2007. If that form is looked at carefully, there is no question that reads in any manner as such to require an in forma pauperis Petitioner to;

a.) "Explain to this Court, how you acquire the necessities of life without an income or without assets?" or

b.) "Explain to this Court why you are unable to acquire the necessities of life without an income or without assets?" or

But even if those questions were included, the Petitioner has explained the correlation of those economic variables (poverty, income, assets) in every pleading he has submitted in cause 07-C-7220. It is not possible to obtain the necessities of life because monetary poverty will not permit such to be obtained. And this poverty trap is very present in the Chicago MSA with the unemployed and marginally employed over several generations. As Petitioner has indicated, monetary poverty will not allow for the acquisition of an income or accumulation of assets, hence the necessities of life are denied by monetary poverty, whatever those necessities may be, monetary poverty will not allow for those necessities to be met. Monetary poverty will only neglect those necessities of life. And a person will be endlessly trapped in monetary poverty as long as that person is repeatedly denied a reliable source of income to accumulate assets. A person will be forced to select unfavorable options which may not be in his best interest out of economic necessity. No where in any pleading in cause 07-C-7220 are there any, *"deficiencies"*, especially in any of the forms which concern Petitioner's prior employment. On all forms are looked at carefully, all questions are properly completed with an indication of either, 'N/A' or 'NO' which is even consistent with Form 4 located in the Appendix of the Federal Rules of Appellate Procedure entitled, Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis. There is no particular question that requires an informa pauperis moving party which reads,

> a.) "Indicate your salary or wages in your past employment?"

If the form is looked at carefully, it only ask[s] for a date of a last employment and a name and address of a last employer. In the current form called IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT, the only indication alluded to in terms of identifying monetary compensation awarded to a Petitioner in relation to labor performed or monetary compensation awarded to a Petitioner in relation to the engagement of engaging in the exchange of goods and services only indicates, 'Monthly salary or wages.' No where within Q2a is there any indication to assign a numerical amount of salary or wages, especially in the choice offering noted as "Monthly salary or wages." Again if the District Court were to have understood Paragraph 5, in which Petitioner spelled out the $500 per month in gross income which was awarded in FY 2002, almost 6 years ago which was a bi-weekly TUEC I allocation, the District Court should have granted the Petition, but refused to do so. Thus, the District Court incorrectly understood or at best, correctly misunderstood, the information provided by Petitioner in his,

> i.) Employment Discrimination Complaint under Title 42 U.S.C. 2000(e) & Title 15 U.S.C. 1681 et al (FCRA),
> ii.) Application For Leave To Proceed In Forma Pauperis,
> iii.) IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT used by the Clerk of the United States District Court For the Northern District of Illinois at the Eastern Division since 11[th] October 2007, &
> iv.) Reconsideration Motion

15.) In the 3rd April 2008 Minute Order, the District Court is erroneously incorrect in its conclusions reached as well. Again, the District Court incorrectly correlates incarceration with the inaccessibility to obtain either assets or an income from a source of some sort. As the Petitioner has pointed out, with the 11 cases cited and in Tyler, physical incarceration has no bearing on obtaining either assets or an income. Rather, refusing to grant a person access to a reliable income so as allow that person to accumulate assets is the proper measure to gage poverty, income and assets. Food and clothing are expenditures. In order to off-set these expenditures, a functional instrument of profitability must be reliable. If in fact, these expenditures are not an expense, then no expense would be justified to meet an expenditure that does not require to be met. The Petitioner indicated that he was constantly denied an income by Heartland Alliance since FY 2003. The Petitioner indicated that his most recent source if income was in the form of a ≤ $500 per month TEUC I allocation from the IDES in FY 2002. In light of the Petitioner indicating that, *"he has no income, assets, assistance or expenses"* the District Court has on 7 occasions refused to grant Petitioner's pleadings:

> a.) The District Court refused to grant the Employment Discrimination Complaint under Title 42 U.S.C. 2000(e) & Title 15 U.S.C. 1681 et al (FCRA), signed and notarized on 21[st] December 2007 and filed on 26[th] December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;
> b.) The District Court refused to grant the Application For Leave To Proceed In Forma Pauperis & Financial Affidavit signed and notarized on 21[st] December 2007 and filed on 26[th] December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;
> c.) The District Court refused to grant the Application For Appointment of Counsel signed and notarized on 21[st] December 2007 and filed on 26[th] December 2007 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;
> d.) The District Court refused to grant the IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT of December 2007 used by the Clerk of the United States District Court For The Northern District of Illinois at the Eastern Division in use since 11[th] October 2007 in which the Petitioner filled out all 8

5

e.) The District Court refused to grant the <u>Motion For Reconsideration</u> of 21ˢᵗ February 2008 Petitioner signed and notarized on 21ˢᵗ February 2008 and filed on 21ˢᵗ February 2008 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

f.) The District Court refused to grant the <u>Application For Permission For Leave To Appeal In Forma Pauperis</u> of 26ᵗʰ March 2008 signed and notarized and filed on 26ᵗʰ March 2008 under **Fed. Rule App. Proc Rule 24** along with Form 4 <u>Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis</u> filed on 21ˢᵗ February 2008 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

g.) The District Court refused to grant the <u>Amended Supplemental Application For Permission For Leave To Appeal In Forma Pauperis</u> under **Fed. Rule App. Proc Rule 24** signed and notarized on 31ˢᵗ March 2008 and filed on 31ˢᵗ March 2008 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division;

Petitioner points out again, there is no question in either the <u>IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT</u> used by Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division since 11ᵗʰ October 2007 or for that matter in Form 4 <u>Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis</u> located in the Appendix of the Federal Rules of Appellate Proceedure that reads;

a.) Explain to this court how you can acquire[s] the necessities of life such as food, clothing and shelter without having any income, assistance or assets?

b.) Explain to this Court why you are unable to acquire[s] the necessities of life such as food, clothing and shelter without having any income, assistance or assets?

c.) Explain to this Court why you are unable to obtain the necessities of life such as food, clothing and shelter without having any income, assistance or assets?

The Petitioner answered all of the 13Qs on the 5 pages on Form 4 <u>Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis</u> with the appropriate indications that reflect the manner in which the Petitioner has had his portpholio and relationships in Illinois sabotaged by the constant refusal of the Heartland Alliance to release to the Petitioner the materials Heartland Alliance has used to deny Petitioner employment since FY 2003. If the District Court had properly understood the Petitioner's pleadings, all necessary sufficient information was in fact provided for the District Court to be in a position to make a determination on all of the pleadings filed with said regarding the Petitioner's financial situation which has been brought about by the constant refusal of the Heartland Alliance to release to the Petitioner the materials Heartland Alliance has used to deny Petitioner employment since FY 2003. The District Court in such manner has refused to grant Petitioner's <u>Application For Permission For Leave To Appeal In Forma Pauperis</u> of 26ᵗʰ March 2008 signed and notarized and filed on 26ᵗʰ March 2008 under **Fed. Rule App. Proc Rule 24** along with Form 4 <u>Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis</u> filed on 21ˢᵗ February 2008 with the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division

## CONCULSION

Therefore, this Court should reverse the District Court's Minute Order of 30ᵗʰ January 2008 and Minute Order of 13ᵗʰ March 2008 and remand these proceedings to the District Court with instructions to reinstate Petitioner's Employment Discrimination Complaint under Title 42 U.S.C. 2000(e) & Title 15 U.S.C. 1681 et al (FCRA), with appointment of counsel to allow for the commencement of these proceedings before said District Court.

PREPARED & SUBMITTED BY;
P. Vega
Petitioner
1.603.907.2421 CELL
1.253. 498-4735 e-fax
lasvegas1999@gmail.com
CC: File

_Elizabeth E. Hunter_                    04/14/08
**PUBLIC NOTARY SIGNATURE**          **DATE**

Signed Before Me On This 14 Day of April MMVIII AD   04/14/08

_signature_          14 April 2008
**PETTIONER SIGNATURE & DATE**

OFFICIAL SEAL
ELIZABETH E HUNTER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/12/12

## United States District Court
## For The Northern District Of Illinois
## At The Eastern Division

PAUL VEGA
PETITIONER-APPELLANT

APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
ILLINOIS AT THE EASTERN
DIVISION
E.E.O.C. CHARGE # 444-2008-
00252

CASE-FILE # 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

}

VS.
HEARTLAND ALLIANCE
RESPONDENT-APPELLEE

### TABLE OF CONTENTS

1.) NOTICE OF APPEAL of Minute Order of 30th January 2008 — Page 1

2.) Table of Contents — Page 7

3.) Table of Authorities — Page 8

4.) Jusrisdiction — Page 13

5.) Issues Presented For Review — Page 14

6.) Application For Leave To Proceed On Appeal In Forma Pauperis — ATTACHED

7.) Attachment of United States District Court For The Northern District at the Eastern Division In Forma Pauperis Application & Financial Affidavit — ATTACHED

PREPARED & SUBMITTED BY
P. Vega
Petitioner
1.603.907.2421 CELL
1.253. 498-4735 e-fax
lasvegas1999@gmail.com

Petitioner's Signature

14 April 2008

Date

# United States District Court
## For The Northern District Of Illinois
### At The Eastern Division

PAUL VEGA
PETITIONER-APPELLANT

APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
ILLINOIS AT THE EASTERN
DIVISION
E.E.O.C. CHARGE # 444-2008-
00252

CASE-FILE # 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

}

VS.
HEARTLAND ALLIANCE
RESPONDENT-APPELLEE

## TABLE OF AUTHORITIES

1.) NEITZKE ET AL. v. WILLIAMS, No. 87-1882, SUPREME COURT OF THE UNITED STATES, 490 U.S. 319; 109 S. Ct. 1827; 104 L. Ed. 2d 338; 1989 U.S. LEXIS 2231; 22nd February 1989, Argued, 1st May 1989, Decided   @ Page 1

2.) Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342-343 (1948)   @ Page 1

3.) Franklin v. Murphy, 745 F. 2d 1221, 1226 (CA9 1984)   @ Page 1

4.) RON HARPER, et al., Plaintiffs, v. CITY OF CHICAGO HEIGHTS, et al., Defendants. RON HARPER, et al., Plaintiffs, v. CHICAGO HEIGHTS PARK DISTRICT, et al., Defendants, No. 87 C 5112 Consolidated No. 88 C 9800, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1994 U.S. Dist. LEXIS 8528, 23rd June 1994, Decided, 24th June 1994, Docketed   @ Page 1

5.) Adkins v. E. I. du Pont de Nemours & Co., 335 U.S. 331, 342-43, 93 L. Ed. 43, 69 S. Ct. 85 (1948)   @ Page 1

6.) MAGGIE A. BRADFORD. v. SOUTHERN RAILWAY COMPANY, 195 U.S. 243, No. 151, Submitted 19th October 1904 Decided 28th November 1904   @ Page 1

7.) 195 U.S. 243, 245   @ Page 1

8.) 510 F.2d 130, Anthony John WARTMAN and Patricia Ann Wartman, Plaintiffs-Appellants, v. BRANCH 7, CIVIL DIVISION, COUNTY COURT, MILWAUKEE COUNTY, STATE OF WISCONSIN and Milwaukee Mutual Insurance Company, Defendants-Appellees, No. 73—2117, United States Court of Appeals For The 7th Circuit, Submitted 17th October 1974, Decided 6th February 1975   @ Page 1

9.) English Statute of Henry VII (Act, 1494, II Hen. 7, c. 12)   @ Page 1

10.) Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915)   @ Page 1

11.) Duniway, The Poor Man in the Federal Courts, 18 Stan.L.Rev. 1271, 1272—73 (1966)   @ Page 1

12.) Maguire, Poverty & Civil Litigation, 36 Harv.L.Rev. 361, 377 (1923)   @ Page 1

13.) 236 U.S. at 45, 35 S.Ct. at 237   @ Page 1

14.) 27 Stat. 252 (1892)   @ Page 1

15.) 36 Stat. 866 (1910)   @ Page 1

16.) 42 Stat. 666 (1922)   @ Page 1

17.) Fed. R. Civ. P. Rule 60a   @ Page 2

18.) Fed. R. Civ. P. Rule 60b(6)   @ Page 2

19.) Fed. R. Civ. P. Rule 60c(1)   @ Page 2

20.) MARVIN STORSCEPEDITIONS720 IMMIGRATIONEN AND NATURALIZATION SERVICES No.22-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided @ Page 2

21.) Federal Rule of Appellate Procedure 4 @ Page 2

22.) Fed. Rule App. Proc. 4(a)(1) @ Page 2

23.) Federal Rule of Civil Procedure 60(b) @ Page 2

24.) Fed. Rule App. Proc. 4(a)(4) @ Page 2

25.) Fed. Rule App. Proc. 4(a) @ Page 2

26.) LOUIS FASULLO, Inmate # R30073, Plaintiff, vs. CAROLINA FASULLO and JOSEPH ZELINSKI, Defendants, CIVIL NO. 07-100-MJR , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, 2007 U.S. Dist. LEXIS 21606, 27th March 2007, Decided @ Page 2

27.) FED.R.CIV.P. 60(b)(1) @ Page 2

28.) Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000) @ Page 2

29.) Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 915 (7th Cir. 1989) @ Page 2

30.) Swam v. United States, 327 F.2d 431, 433 (7th Cir.) @ Page 2

31.) 379 U.S. 852, 85 S. Ct. 98, 13 L. Ed. 2d 55 (1964) @ Page 2

32.) DENNIS MOORE, Plaintiff, v. CINGULAR WIRELESS, Defendant, No. 02 C 2079, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2005 U.S. Dist. LEXIS 26929, 3rd November 2005, Decided, 3rd November 2005, Filed @ Page 2

33.) CANON U.S.A., INC., Plaintiff, v. NIPPON LINER SYSTEM, LTD., and JAM TRUCKING, INC., Defendants. NIPPON LINER SYSTEM, LTD., Third-Party Plaintiff, v. NIPPON EXPRESS USA, INC., Third-Party Defendant, No. 90 C 7350, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 12126, 30th August 1991, Decided, 30th August 1991, Docketed @ Page 2

34.) Fed. R. Civ. P. Rule 59 @ Page 2

35.) Fed. R. Civ. P. 60(a) @ Page 2

36.) Fed. R. Civ. P.(b) @ Page 2

37.) United State v. One Rolls-Royce Corniche, 770 F.2d 713, 716 (7th Cir. 1985) @ Page 2

38.) Stamp v. Brown, 1990 U.S. Dist. LEXIS 6956 p. 7 (N.D. Ill. 1990) (Kocoras, J.) @ Page 2

39.) Brewer Electric Mfg. Co. v. Torando Sys. of Am., 687 F.2d 182, 185 (7th Cir. 1982) @ Page 2

40.) Fed. R. Civ. P. 60(b)(1)-(6) @ Page 2

41.) SHARON MCROYAL, Plaintiff-Appellant, v. COMMONWEALTH EDISON CO. and EXELON CORP., Defendants-Appellees, No. 07-2402, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2008 U.S. App. LEXIS 3008, 19th December 2007 Submitted, 8th February 2008, Decided @ Page 2

42.) Thomas v. GMAC, 288 F.3d 305, 308 (7th Cir. 2002) @ Page 2

43.) FED. R. APP. P. 34(a)(2) @ Page 2

44.) DEBRA CHRISTIE, Plaintiff-Appellant, v. GARY BARRINGTON, LT. SCHMOLL, AND MARY SCHWAN, Defendants-Appellees, No. 94-1653, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1995 U.S. App. LEXIS 17195, 13th July 1995, Submitted, 13th July 1995, Decided @ Page 2

45.) 28 U.S.C. § 1915(d) @ Page 2

46.) Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994) @ Page 2

47.) Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) @ Page 2

48.) Neitzke v. Williams, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) @ Page 2

49.) Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994) @ Page 2

50.) Fed. R. App. P. 34(a) @ Page 2

51.) Cir. R. 34(f) @ Page 2

52.) OLIVER GAVIN, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY, et al., Defendants-Appellees, No. 93-3252, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1995 U.S. App. LEXIS 9984, 26th April 1995, Submitted, 1st May 1995, Decided @ Page 2

53.) 28 U.S.C. § 1915(d) @ Page 2

54.) Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994) @ Page 2

55.) DOUGLAS ET AL. v. CALIFORNIA, No. 34, SUPREME COURT OF THE UNITED STATES, 372 U.S. 353; 83 S. Ct. 814; 9 L. Ed. 2d 811; 1963 U.S. LEXIS 1943, 17th April 1962, Argued, 18th March 1963, Decided @ Page 2

56.) 28 U.S.C. § 1915(e)(2)(A) @ Page 2

57.) IN THE MATTER OF: BYRON C. WELLS, Appellant, No. 97-3447, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1998 U.S. App. LEXIS 13070, 5th June 1998, Argued, 16th June 1998, Decided @ Page 2

58.) FED.R.APP.P. 4(a)(1) @ Page 2

59.) UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ROBERT CRAIG and PETER V. PAPPAS, Defendants-Appellants. UNITED STATES OF AMERICA, Plaintiff-Appellant, v. FRANK P. NORTH, JR., and ESTATE OF JACK E. WALKER, Defendants-Appellees, Nos. 89-1744, 89-1466, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 907 F.2d 653; 1990 U.S. App. LEXIS 11931; 17 Fed. R. Serv. 3d (Callaghan) 431, 16th May 1990, Argued, 16th July 1990, Decided @ Page 2

60.) FED. R. APP. Proc. @ Page 2

61.) MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided

62.) Federal Rule of Appellate Procedure 4 @ Page 2

63.) Fed. R. Civ. P. Rule 60(b) @ Page 2

64.) http://www.heartlandalliance.org/aboutus/documents/HeartlandAlliance2007AnnualReport.pdf @ Page 2

65.) http://www.heartlandalliance.org/Downloadable/2006%20Annual%20Report_FINAL.pdf @ Page 2

66.) http://www.heartlandalliance.org/Downloadable/HeartlandAlliance2005AnnualReport.pdf @ Page 2

67.) http://www.heartlandalliance.org/aboutus/documents/2004AnnualReport.pdf @ Page 2

68.) http://www.heartlandalliance.org/aboutus/pdf/2003AnnualReport.pdf @ Page 2

69.) JOSEPH JOINTER, Plaintiff, v. LAURO F. CAVAZOS, et al., Defendants, No. 89 C 1234, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1989 U.S. Dist. LEXIS 2090, 24th February 1989, Decided; 28th February 1989, Filed @ Page 3

70.) Williams v. Faulkner, 837 F.2d 304, 306-07 (7th Cir. 1988) @ Page 3

71.) Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757-58 (7th Cir. 1988) @ Page 3

72.) LARRY MOORE, Plaintiff, v. MOTOROLA, INCORPORATED, Defendant, No. 90 C 04646, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1990 U.S. Dist. LEXIS 12300, 11th September 1990, Decided @ Page 3

73.) Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339 (1948) @ Page 3

74.) DENNIS JOHN POTTS and CHAD GARRETT HEINS, a minor, Plaintiffs, v. JOHN M. (JACK) O'MALLEY, et. al., Defendants, No. 95 C 5171, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 18438, 30th November 1995, DATED, 1st December 1995, DOCKETED @ Page 3

75.) Fed. R. Civ. P. 4(d)(2) @ Page 3

76.) SAMUEL E. CAMPBELL, a/k/a SAMUEL DAMON, Plaintiff, v. RIVERSIDE POLICE DEPARTMENT, Defendant, Case No. 95 C 4893, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 15713, 23rd October 1995, Decided, 24th October 1995, DOCKETED @ Page 3

77.) LISA CALIMESE, Plaintiff v. UNITED STATES OF AMERICA, Defendant, No. 96 C 4118, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1996 U.S. Dist. LEXIS 10532, 19th July 1996, Decided, 23rd July 1996, DOCKETED @ Page 3

78.) 29 U.S.C. § 1915(d) @ Page 3

79.) Aiello v. Kingston, 947 F.2d 834, 836 (7th Cir. 1991) @ Page 3

80.) STRONG DELIVERY MINISTRY, et al, Plaintiff, v. ANOINTED HEIR, INC., et al, Defendant, File No. 96 C 2938, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1996 U.S. Dist. LEXIS 9695, 10th July 1996, Decided, 10th July 1996, Date Docketed @ Page 3

81.) Pudder v. Richard D. Irwin, Inc., 1996 U.S. Dist. LEXIS 2906, 1996 WL 111904 (N.D.Ill) @ Page 3

82.) Bolin v. U.S. Probation Office et al., 1996 U.S. Dist. LEXIS 2252, 1996 WL 89080 (N.D.Ill.) @ Page 3

83.) PETER V. SMILDE, Plaintiff, v. ALEXIS M. HERMAN, et al., Defendants, No. 99 C 7756, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1999 U.S. Dist. LEXIS 19221, 2nd December 1999, Decided, 6th December 1999, Docketed @ Page 3

84.) Denton v. Hernandez, 504 U.S. 25, 118 L. Ed. 2d 340, 112 S. Ct. 1728 (1992) @ Page 3

85.) JUANITA BROWN MOSELEY, Plaintiff, vs. PEOPLE, STATE OF ILLINOIS 101 W. Randolph St., Chgo, Ill., Defendant, No. 91 C 7701, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 17840, 11th December 1991, Decided @ Page 3

86.) LARRY DARNELL McCALL-BEY, Plaintiff, vs. P. KIRNER, # 1465; R. REMPAS, # 14567; et al., Defendants, No. 02 C 8289, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2002 U.S. Dist. LEXIS 25781, 2nd December 2002, Decided @ Page 3

87.) JOHN P. O'CONNOR, Plaintiff, vs. MARK R. COLLINS, et al., Defendants, Case Number: 02 C 6213, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2002 U.S. Dist. LEXIS 17396, 13th September 2002, Decided, 16th September 2002, Docketed @ Page 3

88.) DIANNE KAMPINEN, Plaintiff, v. UNITED STATES, Defendants, No. 03 C 1030, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2003 U.S. Dist. LEXIS 3777, 12th March 2003, Decided, 13th March 2003, Docketed @ Page 3

89.) 28 U.S.C. § 1915 @ Page 3

90.) Neitzke v. Williams, 490 U.S. 319, 324, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989) @ Page 3

91.) FEDERAL RULES OF APPELLATE PROCEDURE WITH FORMS, 108th CONGRESS, No. 5, 2nd Session, 31st DECEMBER 2004, THE COMMITTEE ON THE JUDICIARY HOUSE OF REPRESENTATIVES, U.S. GOVERNMENT PRINTING OFFICE WASHINGTON: 2004, F. JAMES SENSENBRENNER, JR., (R)-Wisconsin, Chairman; Form 4 Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis @ Page 3

10

92.) DENNIS HENDERSON, Plaintiff, v. UNITED STATES OF AMERICA, Defendant, No. 05-3270, UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION, 2007 U.S. Dist. LEXIS 66564, 7th September 2007, Decided, 10th September 2007, Filed                                         @ Page 3

93.) THE WAGES QUESTION, by Dr. Francis A. Walker, M.A., Ph.D., Professor of Political Economy & History at the Sheffield Scientific School of Yale College, Late Chief of the U.S. Bureau of Statistics, Superintendent of the 9th Census, Author of the *Statistical Atlas of the United States*, © 1876, Published by Henry Holt & Co., NEW YORK, Printed by Trow's Printing & Bookbinding Co., 205-213 East 12th Street, NEW YORK, Part I PRODUCTION AND POPULATION, Chapter II Nominal & Real Wages,                                         @ Page 3

94.) THE WALL STREET JOURNAL, 26th January 2007, Founded 8th July 1889, Vol. CCXLIX, No. XXI, OPINION PAGE Section, ONLINE Edition, How To Make The Poor Poorer by Dr. Gary S. Becker, Ph.D., 1992 Nobel Economics Laureate, Professor of Economics at the University of Chicago, Senior Fellow at the Hoover Institution & Judge Richard A. Posner, Federal Circuit Judge, 7th Circuit Court Of Appeals, Senior Lecturer at the University of Chicago Law School, @ Page 3

95.) RON HARPER, et al., Plaintiffs, v. CITY OF CHICAGO HEIGHTS, et al., Defendants. RON HARPER, et al., Plaintiffs, v. CHICAGO HEIGHTS PARK DISTRICT, et al., Defendants, No. 87 C 5112 Consolidated No. 88 C 9800, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1994 U.S. Dist. LEXIS 8528, 23rd June 1994, Decided, 24th June 1994, Docketed                                         @ Page 3

96.) Dixon v. Pitchford, 843 F.2d 268, 270 (7th Cir. 1988)                                         @ Page 3

97.) LUCRETIA CUNNINGHAM, Plaintiff, v. LIFELINK CORPORATION, Defendant, No. 93 C 1380, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1993 U.S. Dist. LEXIS 5572, 27th April 1993, Decided, 28th April 1993, Docketed                                         @ Page 3

98.) F.R. APP.P. Rule 24a5                                         @ Page 3

99.) F.R. APP.P. Rule 24(a)(4)                                         @ Page 3

100.)    E-mail dated Tuesday, 22nd August 2006 at 17:36:08 CST From: P. Vega lasvegas_1999@excite.com To: BLeonard@heartlandalliance.org Cc: LSode@heartlandalliance.org Subject: V.P. of Human Resources    @ Page 3

101.) Crain's Chicago Business, 21st March 2008, Vol. XXXI, No. XII, Founded in 1978, Cook County Foreclosures On Pace To Smash Last Year's Record, by Steve Daniels                                         @ Page 3

102.)    Crain's Chicago Business, 13th February 2008, Vol. XXXI, No. VII, Founded in 1978, Chicago Foreclosure Rate Up 50% In 2007, by Lorene Yue                                         @ Page 3

103.) THE WALL STREET JOURNAL, 5th December 2006, Founded 8th July 1889, Vol. CCXLVIII, No. CXXXII, NEWS Section, ONLINE Edition, Amid Fight For Life, A Victim Of Lupus Fights For Insurance By Jane Zhang, @ Page 3

104.)    THE WALL STREET JOURNAL, Wednesday, 28th February 2007, Founded 8th July 1889, Vol. CCXLIX, OUTLOOK & REVIEW Section, ONLINE Edition, The Cost Of Coverage, by Dr. Amy Finkelstein, Ph.D., Assistant Professor of Economics at MIT, Faculty Research Fellow at the National Bureau of Economic Research,    @ Page 3

105.)    THE WALL STREET JOURNAL, Friday, 19th October 2007, Founded 8th July 1889, Vol. CCL, No. XCIII, NEWS Section, ONLINE Edition, New Trend In Germany: Food Handouts For The Poor, by Marcus Walker,    @ Page 3

106.)    28 U.S.C. § 1915(a)                                         @ Page 4

107.)    UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10th December 1948, © 1948, Article 22 § (1)                                         @ Page 4

108.)    UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10th December 1948, © 1948 Article 23 § (1)                                         @ Page 4

109.)    UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10th December 1948, © 1948 Article 23 § (3)                                         @ Page 4

110.) UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10th December 1948, © 1948, Article 24 § (1)                                         @ Page 4

111.) Fair Credit Reporting Act, Title 15 U.S.C. §1681m, Requirements On Users Of Consumer Reports,    @ Page 4

112.) Illinois Human Rights Act, 775 ILCS § 5/Article 2-102(A)                                         @ Page 4

113.) THE NEW SOCIETY, by Dr. Peter F. Drucker, Ph.D., Professor of Economics at Sarah Lawrence College, 1940-1942, Professor of Philosophy & Politics at Bennington College, 1942-1949, Professor of Management at the Stern School of Management at New York University, 1951 to 1971, Published by Harper & Brothers Publishers, NEW YORK, © 1949, 2nd PART: The Problems of Industrial Order/The Economic Conflicts, Chapter VII THE REAL ISSUE IN THE WAGE CONFLICT,                                         @ Page 4

114.) Fair Credit Reporting Act, Title 15 U.S.C. § 1681(d)1B, Rules Of Construction                                         @ Page 4

115.) Fair Credit Reporting Act, Title 15 U.S.C. § 1681(H), Rules Of Construction                                         @ Page 4

116.) Illinois Human Rights Act, 775 ILCS § 5/Article 4-102(A), Civil Rights Violations: Loans                                         @ Page 4

117.) Title 42 U.S.C. § 2000(e)                                         @ Page 5

118.) Title 15 U.S.C. § 1681 et al (FCRA)                                         @ Page 5

119.) Title 42 U.S.C. § 2000(e)                                         @ Page 6

120.)    Title 15 U.S.C. § 1681 et al (FCRA)                                         @ Page 6

121.) F.R.App.P. Rule 24                                         @ Page 6

122.) PRACTIONER'S HANDBOOK FOR APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2003 Edition, Chapter V Appellate Jurisdiction, §A(I)                                         @ Page 13

11

123.) PRACTIONER'S HANDBOOK FOR APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2003 Edition, Chapter V Appellate Jurisdiction, §A(I) ................................................ @ Page 13

124.)  ' Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1298 (7th Cir. 1995) ................................. @ Page 13

125.) Kelly v. United States, 29 F.3d 1107, 1113 (7th Cir. 1994) ........................................................ @ Page 13

126.)   Wild v. Subscription Plus, Inc., 292 F.3d 526 (7th Cir. 2002) ................................................. @ Page 13

127.)   PRACTIONER'S HANDBOOK FOR APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2003 Edition, Chapter V Appellate Jurisdiction, §A(II) ............................... @ Page 13

128.)   Fed. R. Civ. P. Rule 58 .......................................................................................................... @ Page 13

129.)   Hope v. United States, 43 F.3d 1140, 1142 (7th Cir. 1994) ...................................................... @ Page 13

# United States District Court
## For The Northern District Of Illinois
## At The Eastern Division

PAUL VEGA
PETITIONER-APPELLANT

APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
ILLINOIS AT THE EASTERN
DIVISION
E.E.O.C. CHARGE # 444-2008-
00252

CASE-FILE # 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

}

VS.
HEARTLAND ALLIANCE
RESPONDENT-APPELLEE

### JURISDICTION

The Court of Appeals for the 7th Circuit District enjoys subject matter jurisdiction in this appeal:

*"The jurisdiction of the Court of Appeals for the Seventh Circuit extends to........virtually all civil appeals from the seven district courts within the circuit. They are: the Northern, Southern and Central Districts of Illinois; the Northern and Southern Districts of Indiana; and the Eastern and Western Districts of Wisconsin."[xx]*

The Petitioner-Appellant enjoys standing to appeal the Minute Order of 30th January 2008 and the Minute Order of 13th March 2008 denying Motion for Reconsideration of 21st February 2008 Under F.R. Civ. P. Rule 60 issued by the District Court as the moving party to the litigation at issue.

# United States District Court
## For The Northern District Of Illinois
## At The Eastern Division

PAUL VEGA
PETITIONER-APPELLANT

APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF
ILLINOIS AT THE EASTERN
DIVISION
E.E.O.C. CHARGE # 444-2008-
00252

CASE-FILE # 07-C-7220
MAGISTRATE JUDGE NOLAN
JUDGE S. DER-YEGHIAYAN

VS.
HEARTLAND ALLIANCE
RESPONDENT-APPELLEE

### ISSUES PRESENTED FOR REVIEW

#### ISSUE A

Did the Office of the Clerk for the United States District Court for the Northern District of Illinois at the Eastern Division employ a structurally defective instrument to measure the economic variables of income, assets & poverty in the process of assessing the manner in which an In Forma Pauperis Petitioner may proceed?

#### ISSUE B

Did the District Court abuse its discretion in failing to grant Petitioner's Application For Leave To Proceed In Forma Pauperis by incorrectly correlating incarceration with the inability of an In Forma Pauperis Petitioner to "acquire[s] the necessities of life without any income or assets?"

14

[i] (A) NEITZKE ET AL. v. WILLIAMS, No. 87-1882, SUPREME COURT OF THE UNITED STATES, 490 U.S. 319; 109 S. Ct. 1827; 104 L. Ed. 2d 338; 1989 U.S. LEXIS 2231; 57 U.S.L.W. 4493, 22nd February 1989, Argued, 1st May 1989, Decided, "The federal in forma pauperis statute, enacted in 1892 and presently codified as 28 U. S. C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Adkins v. E. I. DuPont de Nemours & Co., 335 U.S. 331, 342-343 (1948) Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, inter alia, that he is unable to pay the costs of the lawsuit. Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. To prevent such abusive or captious litigation, § 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis 'if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.' Dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." See Franklin v. Murphy, 745 F. 2d 1221, 1226 (CA9 1984)

(B) RON HARPER, et al., Plaintiffs, v. CITY OF CHICAGO HEIGHTS, et al., Defendants. RON HARPER, et al., Plaintiffs, v. CHICAGO HEIGHTS PARK DISTRICT, et al., Defendants, No. 87 C 5112 Consolidated No. 88 C 9800, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1994 U.S. Dist. LEXIS 8528, 23rd June 1994, Decided, 24th June 1994, Docketed, "The federal in forma pauperis statute, enacted in 1892 and presently codified at 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989); Adkins v. E. I. du Pont de Nemours & Co., 335 U.S. 331, 342-43, 93 L. Ed. 43, 69 S. Ct. 85 (1948)

(C) MAGGIE A. BRADFORD. v. SOUTHERN RAILWAY COMPANY, 195 U.S. 243, No. 151, Submitted 19th October 1904. Decided 28th November 1904, "The act of July 20, 1892, above referred to, reads:

'An Act Providing When Plaintiff May Sue as a Poor Person and When Counsel Shall Be Assigned by the Court.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled. That any citizen of the United States, entitled to commence any suit or action in any court of the United States, may commence and prosecute to conclusion any such suit or action without being required to prepay fees or costs, or give security therefor before or after bringing suit or action, upon filing in said court a statement under oath, in writing, that, because of his poverty, he is unable to pay the costs of said suit or action which he is about to commence, or to give security for the same, and that he believes he is entitled to the redress he seeks [195 U.S. 243, 245] by such suit or action, and setting forth briefly the nature of his alleged cause of action.

Sec. 2. That after any such suit or action shall have been brought, or that is now pending, the plaintiff may answer and avoid a demand for fees or security for costs by filing a like affidavit, and wilful false swearing in any affidavit provided for in this or the previous section shall be punishable as perjury is in other cases,

Sec. 3. That the officers of the court shall issue, serve all process, and perform all duties in such cases, and witnesses shall attend as in other cases, and the plaintiff shall have the same remedies as are provided by law in other cases.

Sec. 4. That the court may request any attorney of the court to represent such poor person, if it deems the cause worthy of a trial, and may dismiss any such cause so brought under this act if it be made to appear that the allegation of poverty is untrue, or if said court be satisfied that the alleged cause of action is frivolous or malicious.

Sec. 5. That judgment may be rendered for costs at the conclusion of the suit, as in other cases: Provided, That the United States shall not be liable for any of the costs thus incurred.'"

(D) 510 F.2d 130, Anthony John WARTMAN and Patricia Ann Wartman, Plaintiffs-Appellants, v. BRANCH 7, CIVIL DIVISION, COUNTY COURT, MILWAUKEE COUNTY, STATE OF WISCONSIN and Milwaukee Mutual Insurance Company, Defendants-Appellees, No. 73-2117, United States Court of Appeals For The 7th Circuit, Submitted 17th October 1974, Decided 6th February 1975, "Support for our interpretation of the statute can also be found in history. The legislation which, slightly modified, is now section 1915 was enacted in 1892 and was apparently modeled on the old English Statute of Henry VII (Act, 1494, II Hen. 7, c. 12).[2] One of the rules of court implementing this statute required from at least 1744 on that a person seeking admission to sue in forma pauperis have an attorney certify that petitioner 'hath good Cause of Action.'[4] Thus, the proposition that the merit of an action should be considered before allowing a suit to be prosecuted in forma pauperis had deep historical roots by the time our federal statute was enacted. The leading Supreme Court opinion interpreting the statute in question is Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 35 S.Ct. 236, 59 L.Ed. 457 (1915). There the issue was whether the plaintiff would be allowed to proceed in the Supreme Court in forma pauperis. In discussing the original language of this statute, which did not encompass appellate proceedings, the Court stated:

Prior to the amendment of 1910, on the face of the statute three things were certain: (a) that the statute imposed no imperative duty to grant a request to proceed as a poor person, but merely conferred authority to do so when the fact of poverty was established and the case was found not to be frivolous; that is, was considered to be sufficiently meritorious to justify the allowance of the request; . . . .[5]

The Court then said that the 1910 amendment, which added defendants and appeals to the statute's coverage, did not alter this discretion to consider the merits at the initial stage. A separate section allowing the dismissal of a frivolous or malicious action was a part of the statute at that time and, though the language of the statute has changed since Kinney v. Plymouth Rock Squab Co., there is no indication that Congress meant to change this aspect relating to a preliminary consideration of the merits of a forma pauperis complaint."

15

3 See Duniway, The Poor Man in the Federal Courts, 18 Stan.L.Rev. 1271, 1272--73 (1966)

4 See Maguire, Poverty & Civil Litigation, 36 Harv.L.Rev. 361, 377 (1923)

5 236 U.S. at 45, 35 S.Ct. at 237

(E) 27 Stat. 252 (1892)

(F) 36 Stat. 866 (1910), "That any citizen of the United States entitled to commence or defend any suit or action, civil or criminal could under certain conditions proceed in forma pauperis." 36 Stat. 866, Chapter 435 (1910)

(G) 42 Stat. 666 (1922) "That any citizen of the United States entitled to commence any suit or action, civil or criminal could under certain conditions proceed in forma pauperis." 42 Stat. 666, Chapter 246 (1922)

[ii] (A) Fed. R. Civ. P. Rule 60a, Relief From Judgment Or Order/ Corrections Based On Clerical Mistakes; Oversights & Omissions, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice."

(B) Fed. R. Civ. P. Rule 60b(6), Relief From Judgment Or Order/ Grounds For Relief From A Final Judgment, Order, Or Proceeding, "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: any other reason that justifies relief."

(C) Fed. R. Civ. P. Rule 60c(1), Timing & Effect Of The Motion/Timing, "A motion under Rule 60(b) must be made within a reasonable time.."

(D) MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided, "A litigant faced with an unfavorable district court judgment must appeal that judgment within the time allotted by Federal Rule of Appellate Procedure 4, whether or not the litigant first files a Rule 60(b) motion (where the Rule 60 motion is filed more than 10 days following judgment). Either before or after filing his appeal, the litigant may also file a Rule 60(b) motion for relief with the district court. The denial of the motion is appealable as a separate final order, and if the original appeal is still pending it would seem that the court of appeals can consolidate the proceedings."

(E) MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided, JUSTICE BREYER, with whom JUSTICE O'CONNOR and JUSTICE SOUTER joined dissenting, ".....in a normal civil case, a losing party has 30 days to file an appeal (60, if the Government is a party). Fed. Rule App. Proc. 4(a)(1) The Rules then distinguish between two kinds of reconsideration motions: those filed within 10 days (including motions for relief from judgment under Federal Rule of Civil Procedure 60(b)), which toll the time for appeal, and those filed after 10 days (in the main, other Rule 60(b) motions), which do not toll the time for appeal. See Fed. Rule App. Proc. 4(a)(4) When a party files a motion of the first sort (which I shall call an 'immediate' reconsideration motion), a previously filed notice of appeal 'self-destructs.' Ibid. When a party files a motion of the second sort (which I shall call a 'distant' reconsideration motion), a previously filed notice of appeal remains valid. A complex set of rules creates this system, and lawyers normally refer to those rules in order to understand what they are supposed to do." See Fed. Rule App. Proc. 4(a) (and Rules of Civil Procedure cited therein)

[iii] (A) LOUIS FASULLO, Inmate # R30073, Plaintiff, vs. CAROLINA FASULLO and JOSEPH ZELINSKI, Defendants, CIVIL NO. 07-100-MJR , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, 2007 U.S. Dist. LEXIS 21606, 27th March 2007, Decided, "Plaintiff presents no argument in the motion that might suggest clerical mistake. To the extent that Plaintiff is challenging the Court's application of the law, such arguments may be addressed in a direct appeal."

(B) LOUIS FASULLO, Inmate # R30073, Plaintiff, vs. CAROLINA FASULLO and JOSEPH ZELINSKI, Defendants, CIVIL NO. 07-100-MJR , UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, 2007 U.S. Dist. LEXIS 21606, 27th March 2007, Decided, "Rule 60(b) provides for relief from judgment for 'mistake, inadvertence, surprise, or excusable neglect.' FED.R.CIV.P. 60(b)(1) However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. See, e.g., Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000); Parke-Chapley Constr. Co. v. Cherrington, 865 F.2d 907, 915 (7th Cir. 1989) ('an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence'); Swam v. United States, 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852, 85 S. Ct. 98, 13 L. Ed. 2d 55 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does 'not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).'). Plaintiff presents no argument in the motion that might suggest clerical mistake. To the extent that Plaintiff is challenging the Court's application of the law, such arguments may be addressed in a direct appeal. Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion (Doc. 14) is DENIED."

(C) DENNIS MOORE, Plaintiff, v. CINGULAR WIRELESS, Defendant, No. 02 C 2079, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2005 U.S. Dist. LEXIS 26929, 3rd November 2005, Decided, 3rd

16

November 2005, Filed, "Plaintiff has not presented newly discovered evidence or law, nor has this Court found any errors of law or fact to justify reconsideration. Plaintiff has not shown that the Court has misunderstood a party, made an improper decision or that mistake, inadvertence, or fraud was involved in the summary judgment ruling."

(D) CANON U.S.A., INC., Plaintiff, v. NIPPON LINER SYSTEM, LTD., and JAM TRUCKING, INC., Defendants. NIPPON LINER SYSTEM, LTD., Third-Party Plaintiff, v. NIPPON EXPRESS USA, INC., Third-Party Defendant, No. 90 C 7350, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 12126, 30th August 1991, Decided, 30th August 1991, Docketed, "Rule 60 permits relief from judgement for a variety of reasons and with much more liberal time limitations than does Rule 59. Fed. R. Civ. P. 60(a), (b) Since JAM does not claim any clerical error which would permit relief under Rule 60(a) we will assume that only Rule 60(b) was intended to be considered. The Seventh Circuit has held that 'relief under Rule 60(b) is an extraordinary remedy [to be] granted only in exceptional circumstances.' United State v. One Rolls-Royce Corniche, 770 F.2d 713, 716 (7th Cir. 1985) The Court has defined these circumstances to be present only where the moving party can demonstrate (1) good cause for error, (2) timely action to correct the error, and (3) a meritorious claim or defense. Stamp v. Brown, 1990 U.S. Dist. LEXIS 6956 p. 7 (N.D. Ill. 1990) (Kocoras, J.) citing, Brewer Electric Mfg. Co. v. Torando Sys. of Am., 687 F.2d 182, 185 (7th Cir. 1982). 'Discussion of what constitutes "good cause" for purposes of Rule 60(b) relief invariably involves a discussion of one of the rule's six delineated grounds for relief.' Stamp v. Brown, 1990 U.S. Dist. LEXIS 6956 p. 8-9 (N.D. Ill. 1990) (Kocoras, J.) (cites omitted). The six reasons specified under Rule 60(b) which permit relief from judgment are: (1) a mistake; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) that the judgment is void; (5) that the judgment has been satisfied; or (6) any other reason justifying relief." Fed. R. Civ. P. 60(b)(1)-(6)

[iv] SHARON MCROYAL, Plaintiff-Appellant, v. COMMONWEALTH EDISON CO. and EXELON CORP., Defendants-Appellees, No. 07-2402, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2008 U.S. App. LEXIS 3008, 19th December 2007[*] Submitted, 8th February 2008, Decided, "We review the district court's finding of fact that Ms. McRoyal lied on her petition to proceed in forma pauperis for clear error, and we review the district court's dismissal with prejudice for abuse of discretion." Thomas v. GMAC, 288 F.3d 305, 308 (7th Cir. 2002)
[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)

[v] (A) DEBRA CHRISTIE, Plaintiff-Appellant, v. GARY BARRINGTON, LT. SCHMOLL, AND MARY SCHWAN, Defendants-Appellees, No. 94-1653, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1995 U.S. App. LEXIS 17195, 13th July 1995, Submitted[*], 13th July 1995, Decided, "A district court's denial of a petition to proceed in forma pauperis and dismissal under 28 U.S.C. § 1915(d) is reviewed for an abuse of discretion and will be affirmed where the complaint is frivolous, i.e., when it lacks an arguable basis either in law or in fact. Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994) (citing Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989)). 'In determining whether a district court abused its discretion, the court of appeals may consider whether the plaintiff was proceeding pro se whether the court inappropriately resolved genuine issues of disputed fact; whether the court applied erroneous legal conclusions; whether the court provided a statement of reasons explaining the dismissal; and whether the dismissal was with or without prejudice.'" Alston v. DeBruyn, 13 F.3d 1036, 1039 (7th Cir. 1994) (citing Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 1734, 118 L. Ed. 2d 340 (1992))
[*] On September 29, 1994, the appellees filed a notice of intent not to file a brief. After preliminary examination of the appellant's brief, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f) No such statement having been filed, the appeal is submitted on the appellant's brief and record.

(B) OLIVER GAVIN, Plaintiff-Appellant, v. CHICAGO HOUSING AUTHORITY, et al., Defendants-Appellees, No. 93-3252, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1995 U.S. App. LEXIS 9984, 26th April 1995,[*] Submitted, 1st May 1995, Decided, "A district court's denial of a petition to proceed in forma pauperis and dismissal under 28 U.S.C. § 1915(d) is reviewed for an abuse of discretion and will be affirmed where the complaint is frivolous, i.e., when it lacks an arguable basis either in law or in fact." Talley v. Lane, 13 F.3d 1031, 1033 (7th Cir. 1994) (citing Denton v. Hernandez, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 325, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989))
[*] After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f) Appellant agrees that there is no need for oral argument and appellees have not responded. Accordingly, the appeal is submitted on the briefs and record.

(C) DOUGLAS ET AL. v. CALIFORNIA, No. 34, SUPREME COURT OF THE UNITED STATES, 372 U.S. 353; 83 S. Ct. 814; 9 L. Ed. 2d 811; 1963 U.S. LEXIS 1943, 17th April 1962, Argued, 18th March 1963, Decided, In DISSENT BY: CLARK; HARLAN, MR. JUSTICE CLARK, dissenting, "We all know that the overwhelming percentage of in forma pauperis appeals are frivolous. Statistics of this Court show that over 96% of the petitions filed here are of this variety."[1]

[1] Statistics from the office of the Clerk of this Court reveal that in the 1961 Term only 38 of 1,093 in forma pauperis petitions for certiorari were granted (3.4%). Of 44 in forma pauperis appeals, all but one were summarily dismissed (2.3%).

[vi] SHARON MCROYAL, Plaintiff-Appellant, v. COMMONWEALTH EDISON CO. and EXELON CORP., Defendants-Appellees, No. 07-2402, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2008 U.S. App. LEXIS 3008, 19th December 2007[*] Submitted, 8th February 2008, Decided, "......if an allegation of poverty made in a petition to proceed in forma pauperis is untrue, 'the district court shall dismiss the case.' 28 U.S.C. § 1915(e)(2)(A) Whether the false statements actually result in a grant of in forma pauperis status or other relief is irrelevant under § 1915(e)(2)(A)." See Thomas 288 F.3d at 306 (affirming, without discussing how the district court had ruled on

plaintiff's application to proceed in forma pauperis, the dismissal with prejudice of plaintiff's complaint as a sanction for lying on the application)

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)

[vii] (A) IN THE MATTER OF: BYRON C. WELLS, Appellant, No. 97-3447, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 1998 U.S. App. LEXIS 13070, 5th June 1998, Argued, 16th June 1998, Decided, "As prescribed by the Federal Rules of Appellate Procedure, a notice of appeal must be filed within 30 days (or 60 days, if the government is a party) of the entry of judgment in the case." FED.R.APP.P. 4(a)(1)

(B) UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ROBERT CRAIG and PETER V. PAPPAS, Defendants-Appellants. UNITED STATES OF AMERICA, Plaintiff-Appellant, v. FRANK P. NORTH, JR., and ESTATE OF JACK E. WALKER, Defendants-Appellees, Nos. 89-1744, 89-1466, UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 907 F.2d 653; 1990 U.S. App. LEXIS 11931; 17 Fed. R. Serv. 3d (Callaghan) 431, 16th May 1990, Argued, 16th July 1990, Decided, "The Federal Rules of Appellate Procedure provide for a thirty-day, sixty days if the government is a party, time limit for appeals in civil cases and a ten-day, thirty days if the government exercises a right to appeal, time limit for appeals in criminal cases." See FED. R. APP. P. 4

(C) MARVIN STONE, PETITIONER v. IMMIGRATION AND NATURALIZATION SERVICE, No. 93-1199, SUPREME COURT OF THE UNITED STATES, 514 U.S. 386; 115 S. Ct. 1537; 131 L. Ed. 2d 465; 1995 U.S. LEXIS 2846; 63 U.S.L.W. 4294; 17 Int'l Trade Rep. (BNA) 1160; 95 Cal. Daily Op. Service 2868; 95 Daily Journal DAR 4928; 8 Fla. L. Weekly Fed. S 699, 28th November 1994, Argued, 19th April 1995, Decided, "A litigant faced with an unfavorable district court judgment must appeal that judgment within the time allotted by Federal Rule of Appellate Procedure 4, whether or not the litigant first files a Rule 60(b) motion (where the Rule 60 motion is filed more than 10 days following judgment). Either before or after filing his appeal, the litigant may also file a Rule 60(b) motion for relief with the district court. The denial of the motion is appealable as a separate final order, and if the original appeal is still pending it would seem that the court of appeals can consolidate the proceedings."

[viii] F.R. APP.P. Rule 24a5, Motion In The Court Of Appeals, "A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action."

[ix] A.) For FY 2007 in which out of an annual budget of $53.3M, 71.6% or $37.9M Gross Operating Income was awarded from federal tax-payer sources, of which 81.2% Gross Operating Expenditures were financed with $37.9M Gross Operating Income.(See http://www.heartlandalliance.org/aboutus/documents/HeartlandAlliance2007AnnualReport.pdf)
B.) For FY 2006 in which out of an annual budget of $53.3M, 74.4% or $39.7M Gross Operating Income was awarded from federal tax payer sources, of which 81.5% Gross Operational Expenditures were financed with $39.7M Gross Operating Income. (See http://www.heartlandalliance.org/Downloadable/2006%20Annual%20Report_FINAL.pdf)
C.) For FY 2005 in which out of an annual budget of $49.6M, 71% or $35.2M Grosa Operating Income was awarded from federal tax-payer sources, of which 84% Gross Operational Expenditures were financed with $35.2M Gross Operating Income. (See http://www.heartlandalliance.org/Downloadable/HeartlandAlliance2005AnnualReport.pdf)
D.) For FY 2004 in which out of an annual budget of $45.8M, 79% or $36.1M Gross Operating Income was awarded from federal tax-payer sources, of which 87% Gross Operational Expenditures were financed with $36.1M Gross Operating Income (See http://www.heartlandalliance.org/aboutus/documents/2004AnnualReport.pdf)
E.) For FY 2003 in which out of an annual budget of $39.8M, 72% or $28.6M Gross Operating Income was awarded from federal tax-payer sources, of which 88% Gross Operational Expenditures were financed with $28.6M Gross Operating Income. (See http://www.heartlandalliance.org/aboutus/pdf/2003AnnualReport.pdf)

[x] E-mail dated Tuesday, 22nd August 2006 at 17:36:08 CST From: P. Vega lasvegas_1999@excite.com To: BLeonard@heartlandalliance.org Cc: LSode@heartlandalliance.org Subject: V.P. of Human Resources

[xi] (A) Crain's Chicago Business, 21st March 2008, Vol. XXXI, No. XII, Founded in 1978, Cook County Foreclosures On Pace To Smash Last Year's Record, by Steve Daniels

(B) Crain's Chicago Business, 13th February 2008, Vol. XXXI, No. VII, Founded in 1978, Chicago Foreclosure Rate Up 50% In 2007, by Lorene Yue

[xii] (A)THE WALL STREET JOURNAL, 5th December 2006, Founded 8th July 1889, Vol. CCXLVIII, No. CXXXII, NEWS Section, ONLINE Edition, Amid Fight For Life, A Victim Of Lupus Fights For Insurance By Jane Zhang, @ Front Page,

(B) THE WALL STREET JOURNAL, Wednesday, 28th February 2007, Founded 8th July 1889, Vol. CCXLIX, OUTLOOK & REVIEW Section, ONLINE Edition, The Cost Of Coverage, by Dr. Amy Finkelstein, Ph.D., Assistant Professor of Economics at MIT, Faculty Research Fellow at the National Bureau of Economic Research, @ Page A14,

(C) THE WALL STREET JOURNAL, Friday, 19th October 2007, Founded 8th July 1889, Vol. CCL, No. XCIII, NEWS Section, ONLINE Edition, New Trend In Germany: Food Handouts For The Poor, by Marcus Walker, @ Front Page,

[xiii] (A) JOSEPH JOINTER, Plaintiff, v. LAURO F. CAVAZOS, et al., Defendants, No. 89 C 1234, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1989 U.S. Dist. LEXIS 2090, 24th February 1989, Decided; 28th February 1989, Filed, "Leave to file in forma pauperis is dependent on a double showing:

18

1. financial inability to pay the filing fee and

2. at least a 'surface demonstration that the claim asserted is not 'frivolous' in the legal sense most recently refined by our Court of Appeals in Williams v. Faulkner, 837 F.2d 304, 306-07 (7th Cir. 1988)' and Smith-Bey v. Hospital Administrator, 841 F.2d 751, 757-58 (7th Cir. 1988). Jointer appears to qualify on the first of those, because the application that accompanies his Complaint shows he is not employed, has no cash or other property and has received no money during the past 12 months except from 'pensions, annuities or life insurance payments.' But even if he satisfies that financial requirement².........."

1 Although the Supreme Court granted certiorari on October 3, 1988 in Williams (Neitzke v. Williams, 109 S.Ct. 53 (1988)) and has just heard oral argument in that case February 22, this Court will of course continue to apply the pro-plaintiff standard articulated by our Court of Appeals in that case unless and until the Supreme Court tells us the Seventh Circuit was wrong in prescribing the test it did.

2 No definite ruling can be made even on this aspect, because Jointer failed to complete the financial application in a number of respects:
1. Unanswered Question 1(b) asks for the date of last employment and what his wages were in that job.
2. Unanswered Question 2 asks for the source and amount of the funds received during the past 12 months.
3. Unanswered Question 5 asks for information as to dependents.
4. Jointer even forgot to sign the application!

NOTE: The Petitioner in Jointer was a former union federal employee with the United States Department of Education

(B) LARRY MOORE, Plaintiff, v. MOTOROLA, INCORPORATED, Defendant, No. 90 C 04646, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1990 U.S. Dist. LEXIS 12100, 11th September 1990, Decided, "Before we grant leave to proceed in forma pauperis, however, we must ascertain that plaintiff is indeed indigent. A plaintiff does not have to be destitute to file a claim in forma pauperis. Adkins v. E.I. Dupont de Nemours & Co., 335 U.S. 331, 339 (1948). One may proceed in forma pauperis if one can show that because of his or her poverty, one cannot "'pay or give security for costs . . . and still be able to provide' for [one's self] and dependents' with the necessities of life.'" Id. We believe that Moore has made such a showing. Moore attests to the following. He is presently employed and his net income from his job is $1,000.00 per month. He has a wife, daughter, two sons, and two granddaughters who are wholly dependent upon him for their support. Over the previous twelve months, he received approximately $5,000.00 in unemployment compensation. He has not received money from any other sources and his only other asset is a 1982 Dodge Aries automobile which he values at $500.00. We grant plaintiff's petition to proceed in forma pauperis."

NOTE: The Petitioner in Moore was a racial minority hourly wage earner with Motorola

(C) DENNIS JOHN POTTS and CHAD GARRETT HEINS, a minor, Plaintiffs, v. JOHN M. (JACK) O'MALLEY, et. al., Defendants, No. 95 C 5171, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 18438, 30th November 1995, DATED, 1st December 1995, DOCKETED, "For the foregoing reasons, plaintiff is granted leave to proceed in forma pauperis ONLY with respect to Counts I, II and X and ONLY against the following defendants: Village of Wilmette, Richard J. Kweilford, Howard C. Mueller, Officers Betz and Sedlacek, Paula Zerfoos, Thomas Welter, Katherine G. Mella, Mary Margaret Heins, and Michael Velasco. The Attorney General of the State of Illinois may also be named a defendant, but only as to the allegations in Count X........Plaintiff is granted leave to file in forma pauperis as set forth in the court's Memorandum Opinion dated November 30, 1995. Plaintiff is instructed to file all papers concerning this action with the Clerk of Court. In addition, plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff. The United States Marshals Service is directed to send the necessary USM-285 forms to plaintiff so that he may provide it with the information necessary for the marshals to serve defendants with process. The Marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service on defendants."

NOTE: The Petitioner in Potts was a North Shore suburban(County of Cook) divorced professional middle-class white male

(D) SAMUEL E. CAMPBELL, a/k/a SAMUEL DAMON, Plaintiff, v. RIVERSIDE POLICE DEPARTMENT, Defendant, Case No. 95 C 4893, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1995 U.S. Dist. LEXIS 15713, 23rd October 1995, Decided, 24th October 1995, DOCKETED, "For the reasons set forth below, we grant his petition to proceed in forma pauperis...Campbell clearly meets the indigency requirement. The petitioner's application to proceed in forma pauperis reflects that he is unemployed and that, in the past 'several' years, his only source of income is $5964 per year in supplemental social security income and 'public aid.' According to Campbell, he owns no other cash or valuable property. On this record, we find that the petitioner is indigent for purposes of proceeding in forma pauperis. In addition, we also find that, read liberally, Campbell's complaint is neither frivolous nor malicious."

NOTE: The Petitioner in Campbell was a West suburban (County of Cook) low income SSI recipient

(E) LISA CALIMESE, Plaintiff v. UNITED STATES OF AMERICA, Defendant, No. 96 C 4118, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1996 U.S. Dist. LEXIS 10532, 19th July 1996, Decided, 23rd July 1996, DOCKETED, "When a person files a petition to proceed in forma pauperis, this Court reviews the materials to satisfy itself on two scores: first, that the plaintiff's claim of poverty is true and that the proposed action is not frivolous or malicious. See 29 U.S.C. § 1915(d)(1994); Aiello v. Kingston, 947 F.2d 834, 836 (7th Cir. 1991). Calimese has established her claim of poverty under 28 U.S.C. § 1915(d). She is unemployed and claims to have cash or other accounts amounting to only $75.00."

NOTE: The Petitioner in Calimese was a Chicago low income SSDI single white female

(F) STRONG DELIVERY MINISTRY, et al, Plaintiff, v. ANOINTED HEIR, INC., et al, Defendant, File No. 96 C 2938, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1996 U.S. Dist. LEXIS 9695, 10th July 1996, Decided, 10th July 1996, Date Docketed, "According to Seventh Circuit decisions, the first analysis must be whether Elder's claim of poverty is true and that she meets the indigency requirement. Because Elder's income is $470 a month, she is eligible for in forma pauperis status. Courts in the Seventh Circuit have held that various amounts of income satisfy the indigency requirement. For example, in Pudder v. Richard D. Irwin, Inc., 1996 U.S. Dist. LEXIS 2906, 1996 WL 111904 (N.D.Ill), the court concluded that a plaintiff whose 1995 income was $5400 in supplemental social security income and $110 per month in food stamps, was indigent for purposes of proceeding in forma pauperis. Additionally, in Bolin v. U.S. Probation Office et al., 1996 U.S. Dist. LEXIS 2252, 1996 WL 89080 (N.D.Ill.), the court concluded that a plaintiff who earned $600 a month and lacked any additional assets or resources, qualified for indigent status. Thus, because Elder receives $5640 a year in the form of Social Security income, her application satisfies the indigency requirement."

NOTE: The Petitioner in Strong Delivery Ministry was a low income SSI minority renter

(G) PETER V. SMILDE, Plaintiff, v. ALEXIS M. HERMAN, et al., Defendants, No. 99 C 7756, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1999 U.S. Dist. LEXIS 19221, 2nd December 1999, Decided, 6th December 1999, Docketed, "Although Smilde's Application reflects that he was gainfully employed at the United States Census Bureau until recently, the combination of his current state of unemployment and the minimal assets that he reports in the Application would appear to qualify him for in forma pauperis treatment, at least so far as excusing the payment of the $150 filing fee is concerned. But that is only one of the two hurdles that any plaintiff must overcome to qualify for in forma pauperis treatment--the other is to state a claim that is sufficiently viable to pass muster under the principles set out in Denton v. Hernandez, 504 U.S. 25, 118 L. Ed. 2d 340, 112 S. Ct. 1728 (1992) or under equally basic requirements."

NOTE: The Petitioner in Smilde was a former union federal employee in the Department of Commerce, Bureau of Census

(H) JUANITA BROWN MOSELEY, Plaintiff, vs. PEOPLE, STATE OF ILLINOIS 101 W. Randolph St., Chgo, Ill., Defendant, No. 91 C 7701, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1991 U.S. Dist. LEXIS 17840, 11th December 1991, Decided, "The court is satisfied that plaintiff meets the financial requirements to proceed in forma pauperis, despite plaintiff's failure to state the total value of her checking account, as requested in her application."

NOTE: The Petitioner in Moseley was a low income SSI Minority Senior Citizen

(I) LARRY DARNELL McCALL-BEY, Plaintiff, vs. P. KIRNER, # 1465; R. REMPAS, # 14567; et al., Defendants, No. 02 C 8289, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2002 U.S. Dist. LEXIS 25781, 2nd December 2002, Decided, "Plaintiff's affidavit states that he has not been employed since October 2000, and that he has no money in any accounts or ownership of valuable possessions. Based on his affidavit, we find that plaintiff has established his inability to pay the court fees."

NOTE: The Petitioner in McCall-Bey was a low income Chicago Minority Resident

(J) JOHN P. O'CONNOR, Plaintiff, vs. MARK R. COLLINS, et al., Defendants, Case Number: 02 C 6213, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2002 U.S. Dist. LEXIS 17396, 13th September 2002, Decided, 16th September 2002, Docketed, "Plaintiff has been unemployed since April 1996. His income in 2001 was $4,311.00. He has $1,300.00 in his checking account and no other source of savings or income. He has established his inability to pay court fees."

NOTE: The Petitioner in O'Connor was a South Suburban (County of Cook) White Working-Class Male

(K) DIANNE KAMPINEN, Plaintiff, v. UNITED STATES, Defendants, No. 03 C 1030, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2003 U.S. Dist. LEXIS 3777, 12th March 2003, Decided, 13th March 2003, Docketed, "Under 28 U.S.C. § 1915, when determining whether petitioners may proceed in forma pauperis, courts engage in a two-step analysis. First, the court examines whether the petitioner has sufficiently demonstrated that he is impoverished within the meaning of the statute. 28 U.S.C. § 1915; Neitzke v. Williams, 490 U.S. 319, 324, 104 L. Ed. 2d 338, 109 S. Ct. 1827 (1989)...............As to the first prong, Kampinen has indicated that she is unemployed and has no assets. She has indicated that her only source of income is $117 per week in unemployment wages and a one-time gift of $1000. Accordingly, this Court concludes that Kampinen meets the level of poverty necessary for in forma pauperis status."

NOTE: The Petitioner in Kampinen was a white female middle aged former hourly wage earner

(M) Although, not included in the 11 cases cited in Petitioner's Rule 60 Motion, there is of course, Tyler. In Tyler, the Court held that April Tyler who sought leave to appeal in forma pauperis as opposed to leave to proceed in forma pauperis, the Court found that April Tyler met the requirements for leave to appeal in forma pauperis because Ms. Tyler was currently unemployed and had been such for 7 years consecutively in which time period Ms. Tyler refused to receive public aid or social security benefits.

NOTE I: COOK COUNTY STATE'S ATTORNEY ex rel. RICHARD A. DEVINE, Plaintiff, vs. APRIL TYLER, Defendant, No. 07 C 1393, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 2007 U.S.

Dist. LEXIS 79783, 26ᵗʰ October 2007, Decided , 26ᵗʰ October 2007, Filed, "Defendant April Tyler files this motion for leave to appeal *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(a) we may authorize defendant to proceed *in forma pauperis* if she demonstrates an inability to pay the required costs and fees. Defendant has so demonstrated. She is currently unemployed and has been so since 2000. Furthermore, she receives no public assistance or social security benefits."

ˣⁱᵛ THE NEW SOCIETY, by Dr. Peter F. Drucker, Ph.D., Professor of Economics at Sarah Lawrence College, 1940-1942, Professor of Philosophy & Politics at Bennington College, 1942-1949, Professor of Management at the Stern School of Management at New York University, 1951 to 1971, Published by Harper & Brothers Publishers, NEW YORK, © 1949, 2ⁿᵈ PART: The Problems of Industrial Order/The Economic Conflicts, Chapter VII THE REAL ISSUE IN THE WAGE CONFLICT, @ Page 78, "A man out of work is a man disfranchised. He loses social standing and prestige. He is in danger of losing his self-respect as well as the respect of his family."

ˣᵛ (A) FEDERAL RULES OF APPELLATE PROCEDURE WITH FORMS, 108ᵗʰ CONGRESS, No. 5, 2ⁿᵈ Session, 31ˢᵗ DECEMBER 2004, THE COMMITTEE ON THE JUDICIARY HOUSE OF REPRESENTATIVES, U.S. GOVERNMENT PRINTING OFFICE WASHINGTON: 2004, F. JAMES SENSENBRENNER, JR., (R)-Wisconsin, Chairman; Form 4 Affidavit Accompanying Motion For Permission To Appeal In Forma Pauperis @ Page 47

(B) DENNIS HERRMANN, Petitioner, v. UNITED STATES OF AMERICA, Respondent, No. 05-3277, UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION, 2007 U.S. Dist. LEXIS 66564, 7ᵗʰ September 2007, Decided, 10ᵗʰ September 2007, Filed, "If Petitioner wishes to appeal in forma pauperis, he must also file with this Court an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, in the form set forth in Form 4 in the Appendix to the Federal Rules of Appellate Procedure."

ˣᵛⁱ (A)THE WAGES QUESTION, by Dr. Francis A. Walker, M.A., Ph.D., Professor of Political Economy & History at the Sheffield Scientific School of Yale College, Late Chief of the U.S. Bureau of Statistics, Superintendent of the 9ᵗʰ Census, Author of the *Statistical Atlas of the United States*, © 1876, Published by Henry Holt & Co., NEW YORK, Printed by Trow's Printing & Bookbinding Co., 205-213 East 12ᵗʰ Street, NEW YORK, Part I PRODUCTION AND POPULATION, Chapter II Nominal & Real Wages, @ Page 12, "Real wages are the remuneration of the hired laborer as reduced to the necessaries, comforts or luxuries of life. These are what the laborer works for; these are truly his wages."

(B) THE WALL STREET JOURNAL, 26ᵗʰ January 2007, Founded 8ᵗʰ July 1889, Vol. CCXLIX, No. XXI, OPINION PAGE Section, ONLINE Edition, How To Make The Poor Poorer by Dr. Gary S. Becker, Ph.D., 1992 Nobel Economics Laureate, Professor of Economics at the University of Chicago, Senior Fellow at the Hoover Institution & Judge Richard A. Posner, Federal Circuit Judge, 7ᵗʰ Circuit Court Of Appeals, Senior Lecturer at the University of Chicago Law School, @ Page A11, "As a means of raising people from poverty or near poverty, the minimum wage is inferior to the Earned Income Tax Credit, which compensates for low wages without interfering with the labor market or conferring windfalls on the nonpoor."

NOTE I: In the IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT the Petitioner under Q2a, indicated that the wages in question were, 'hourly' as opposed to a base salary.

ˣᵛⁱⁱ RON HARPER, et al., Plaintiffs, v. CITY OF CHICAGO HEIGHTS, et al., Defendants. RON HARPER, et al., Plaintiffs, v. CHICAGO HEIGHTS PARK DISTRICT, et al., Defendants, No. 87 C 5112 Consolidated No. 88 C 9800, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1994 U.S. Dist. LEXIS 8528, 23ʳᵈ June 1994, Decided, 24ᵗʰ June 1994, Docketed, "If the action is not frivolous or malicious, and if a proper showing of indigence is made, the application should be granted. Moreover, if the district court grants in forma pauperis status on appeal for one issue, it must grant such status for all issues." *Dixon v. Pitchford*, 843 F.2d 268, 270 (7ᵗʰ Cir. 1988)

ˣᵛⁱⁱⁱ LUCRETIA CUNNINGHAM, Plaintiff, v. LIFELINK CORPORATION, Defendant, No. 93 C 1380, UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION, 1993 U.S. Dist. LEXIS 5572, 27ᵗʰ April 1993, Decided, 28ᵗʰ April 1993, Docketed, "Cunningham's supporting documents reveal that she is 'unable to pay' the fees and costs associated with filing an appeal in federal court. 28 U.S.C. § 1915(a) She is unemployed and her only monthly income, a Social Security Insurance (SSI) payment, is about $434 per month. She owns no significant assets. She therefore may proceed *in forma pauperis* with her appeal from the bankruptcy court's order."

ˣⁱˣ A) UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10ᵗʰ December 1948, © 1948, Article 22 § (1) "Everyone, as a member of society, has the right to social security and is entitled to realization, through national effort and international co-operation and in accordance with the organization and resources of each State, of the economic, social and cultural rights indispensable for his dignity and the free development of his personality."

B.) UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10ᵗʰ December 1948, © 1948 Article 23 § (1) "Everyone has the right to work, to free choice of employment, to just and favourable conditions of work and to protection against unemployment."

C.) UN Universal Declaration of Human Rights, Adopted & Proclaimed by General Assembly Resolution 217 A(III) of 10ᵗʰ December 1948, © 1948 Article 23 § (3) "Everyone who works has the right to just and favourable remuneration ensuring for himself and his family an existence worthy of human dignity, and supplemented, if necessary, by other means of social protection."

21

(B) PRACTIONER'S HANDBOOK FOR APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2003 Edition, Chapter V Appellate Jurisdiction, §A(I) @ Page 11, "Litigants can expect the court on its own to review both its own jurisdiction and that of the district court at any point in the appellate proceedings......" _Baer v. First Options of Chicago, Inc._, 72 F.3d 1294, 1298 (7th Cir. 1995); _Kelly v. United States_, 29 F.3d 1107, 1113 (7th Cir. 1994); see also _Wild v. Subscription Plus, Inc._, 292 F.3d 526 (7th Cir. 2002)

(C) PRACTIONER'S HANDBOOK FOR APPEALS TO THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 2003 Edition, Chapter V Appellate Jurisdiction, §A(II) @ Page 17, "No special wording is required to comply with Rule 58......... In fact, a completed minute order form commonly used in the district court for Northern District of Illinois may constitute a Rule 58 judgement although it is preferred that the clerks of the district court use Form AO 450 to comply with Rule 58." _Hope v. United States_, 43 F.3d 1140, 1142 (7th Cir. 1994).